612 A.2d 970

**Timothy WOODS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania DEPARTMENT OF TRANSPORTATION, Appellee.**

Supreme Court of Pennsylvania.

Argued April 6, 1992.

Decided June 17, 1992.

Reargument Denied Sept. 22, 1992.

David S. Shrager and William A. Loftus, Philadelphia, for appellant.

Robert L. Gallagher, Deputy Atty. Gen., for appellee.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

Timothy Woods, the appellant herein, sustained serious injuries while operating his motorcycle along a Commonwealth highway when he failed to negotiate a turn. As a consequence he went off the road, struck a utility pole, and was impaled on a fence. He filed suit against the Commonwealth Department of Transportation (DOT), the respondent herein, alleging that his injuries were due to a defectively designed roadway. A settlement of $65,000.00 was offered prior to trial by DOT and rejected by the appellant. Ultimately the matter was tried to a jury and the jury returned a verdict of $1.5 million dollars which thereafter was molded by the trial court to enforce the $250,000.00 statutory cap on damages as contained in the Sovereign Immunity Act,[1] 42 Pa.C.S. § 8528(b).

The appellant filed post-trial motions seeking delay damages, as set forth by Rule 238 of the Rules of Civil Procedure, based upon the jury's verdict of $1.5 million dollars. This

1. Act of October 5, 1980, P.L. 693 No. 142.

motion, which went unopposed by DOT, was denied by the trial court and damages for delay were calculated not upon the jury's award but upon the $250,000.00 statutory cap. Appellant, therefore, received the $250,000.00 statutory cap plus damages for delay in the amount of $103,731.15. Had the delay damage award been based upon the jury verdict as rendered, the appellant would have received delay damages in the amount of $622,386.95.

On appeal 135 Pa.Cmwlth. 670, 582 A.2d 438. the Commonwealth Court affirmed based upon its decision in *Kowal v. Department of Transportation*, 100 Pa.Cmwlth. Ct. 593, 515 A.2d 116 (1986), *petition for allowance of appeal denied*, 514 Pa. 650, 524 A.2d 496 (1987). Appellant then sought allowance of appeal, which we granted.

The appellant contends, *inter alia*, that Rule 238 damages for delay are to be calculated on the compensatory damages returned by the jury on the verdict against a Commonwealth party, as opposed to any reduction of the verdict resulting from the limiting provisions of 42 Pa.C.S. 8528(b). In support of that position appellant argues that a computation of delay damages on the cap rather than upon the verdict is (1) contrary to the clear and unambiguous language of the Rule; (2) contrary to the intent of the Rule; and (3) will provide a disincentive to settlements thereby increasing rather than decreasing the litigation burden on the judicial system.

In response appellee argues that (1) damages for delay are not recoverable against it; (2) that the legislative intent of the immunity cap would be frustrated by allowing delay damages on an amount different than the cap since the delay damages themselves might exceed the cap; and (3) that if Rule 238 applied to the actual verdict against the Commonwealth, the purpose of the immunity cap would be frustrated in that the Commonwealth would in many instances have to offer more than the cap in order to avoid the imposition of delay damages. We are unswayed by these arguments, and, for the reasons stated below, we reverse the order of the Commonwealth Court.

The Commonwealth's first argument, i.e. whether delay damages are recoverable against it, was disposed of by this Court's decisions in *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), and in *Tulewicz v. Southeastern Pennsylvania Transportation Authority,* 529 Pa. 588, 606 A.2d 427 (1992).

In *Laudenberger supra,* we determined that Rule 238 damages were procedural and that the power to promulgate procedural rules governing business of the courts rested exclusively in the judiciary pursuant to Article V, § 10(c) of the Pennsylvania Constitution. In *Tulewicz supra,* we held that the cap contained in the Sovereign Immunity Act did not extend to the imposition of damages for delay. Our rationale was twofold: first the General Assembly did not preclude the imposition of such damages in the statute, and, based on *Laudenberger,* the imposition of these damages was within the province of the Courts.

Turning to appellee's second argument, in relevant part Rule 238 provides as follows:

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the *verdict of a jury,* in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.

Pa.R.C.P. 238(a)(1) (emphasis supplied).

When called upon to interpret a rule of procedure, we are guided by the Rules of Construction which are contained in the Pennsylvania Rules of Civil Procedure. In relevant part they provide that: "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage ..." Pa.R.C.P. 103; that "[T]he object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court" and that "[E]very rule shall be construed, if possible, to give effect to

all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(a)(b). Moreover, a fundamental tenet of interpretation is that the rules "shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable ..." Pa.R.C.P. 126.

With these interpretative guides in mind we turn to the Rule at issue. Firstly, Rule 238 provides that delay damages shall be added to the *"verdict of the jury,* ... the decision of the court in a nonjury trial or ... the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award." (emphasis added). This language is clear and unambiguous and is indicative of the intent to have damages apply to the verdict or award itself, which represents the actual factfinder's assessment of the plaintiff's damage, as opposed to the amount the plaintiff is legally entitled to recover. The drafters could have chosen to use the phrase "amount recoverable" or some such limiting language; they chose not to. We are not now free to add that language "under the pretext of pursuing [the Rule's] spirit." Pa.R.C.P. 127(b).

Secondly, a review of the history leading up to the adoption of Rule 238 reveals that the purpose of the rule was to both compensate the plaintiff for the delay in receiving his or her recovery and to encourage settlements. The Civil Procedural Rules Committee first proposed the Rule in September of 1978. At that time the Committee noted:

> "In the usual civil action for bodily injury, death or property damage, there is no compensation to the successful plaintiff and no sanction against the defendant for the long delay between commencement of the action and the trial."

8 Pa. Bulletin 2668 (1978). In *Laudenberger v. Port Authority of Allegheny County, supra,* this Court stated:

> "The delay in disposition of cases emasculates the judicial system's ability to hear those cases which must be litigated. Rule 238 fulfills this Court's obligation to the legislature and

to the public to effectuate prompt, expeditious trial and settlement of cases."

*Id.* 496 Pa. at 61, 436 A.2d at 151.

If we were to accept appellee's position and compute delay damages only upon the statutory cap, these laudatory purposes would be frustrated. Not only would there be no incentive for a Commonwealth agency to seek a settlement of a major suit, there would be a distinct disincentive since the delay damages would be based upon a predictable constant and there would then be no unknown which would motivate the Commonwealth to discuss settlement. The same disincentive would encourage the prolonging of litigation as well as the filing of appeals. Additionally, the plaintiff who statutorily has already been denied the full compensation due him or her would be once again deprived of money to which he or she would be otherwise entitled, with only a minimum sanction being imposed on the defendant.

With regard to the appellee's third argument, i.e. that permitting damages in an amount different than the cap would require the Commonwealth to offer an amount many times in excess of the cap, we note that the Explanatory Comments to Rule 238 provide that damages for delay are not to be awarded after the date of a defendant's offer when the court determines that the offer was the full amount available for payment. Thus, in the context of statutory cap cases, the obligation for the payment of delay damages would cease at the time the statutory cap was tendered, and appellee's argument on this issue is without foundation.

Accordingly the order of the Commonwealth Court is reversed and the matter is remanded to the Court of Common Pleas of Philadelphia County for proceedings consistent with this opinion.

FLAHERTY, J., files a dissenting opinion.

LARSEN, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., did not participate in the decision of this case

FLAHERTY, Justice, dissenting.

I believe the majority, in interpreting the statutes dealing with sovereign immunity, has ignored the intent of the legislature and misinterpreted the rule of civil procedure dealing with delay damages, consequently reaching an absurd result. Hence, I dissent.

Sovereign immunity is the law of this Commonwealth under the state constitution as well as under statutory law.

> Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 Pa.C.S. § 2310. In general, then, a citizen such as the plaintiff herein who is injured through the negligence of a Commonwealth agency, is entitled to recover nothing from the defendant.

The General Assembly, however, has mitigated this rule and permits suits to be brought against the Commonwealth and its agencies for certain specific types of negligent acts, limited to a maximum recovery of $250,000 in favor of any plaintiff. 42 Pa.C.S. §§ 8522, 8528. The historical notes accompanying this legislation document the obvious—that the General Assembly, waiving sovereign immunity even in severely limited circumstances, was concerned with financial risk management and the health of the public fisc. Pursuant to these statutes, the plaintiff herein proved the negligence of the Pennsylvania Department of Transportation and recovered $250,000.

The majority holds that the $250,000 maximum recovery should be supplemented by $622,387 in delay damages pursuant to rule of court. The result is justified by reference to the rules of construction contained in the Pennsylvania Rules of Civil Procedure and an assertion that Rule 238 is "clear and unambiguous." What is clear and unambiguous in my view is the absurdity of superimposing more than $622,000 delay

damages on an award of $250,000; this obviously violates Pa.R.C.P. 128(a), which states that in construing any rule of civil procedure it may be presumed that "the Supreme Court does not intend a result that is absurd ... or unreasonable."

I think the only reasonable course is to calculate delay damages under Rule 238 on the award—the statutory maximum—of $250,000, rather than the legally impermissible jury verdict of $1.5 million. I dissent.