690 A.2d 1243

**John G. LIBERTY, Appellant,**

v.

**GENEVA COLLEGE.**

Superior Court of Pennsylvania.

Argued Dec. 12, 1996.

Filed March 19, 1997.

John J. Petruch, Beaver, for appellant.

Scott T. Redman, Pittsburgh, for appellee.

Before BECK, JOHNSON and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the final judgment entered against appellee in this negligence action. The sole issue presented for review is whether the trial court erred or abused its discretion in computing delay damages on the damages, as molded, rather than on the full amount of damages awarded by the jury. For the reasons set forth below, we affirm.

Before addressing this issue, we will briefly recount the pertinent facts of this case. Appellant, John Liberty, was enrolled in a beginner's bowling course at appellee, Geneva College, in April of 1990. During the class, appellant's bowling ball became stuck in the ball return mechanism. Appellant placed his hand inside the mechanism to retrieve the ball. However, another ball emerged from the return and struck appellant's hand. As a result, appellant sustained injuries to his hand, fingers and wrist.

Appellant commenced suit against appellee in March, 1992. A jury trial was held in April, 1996 following which the jury determined that both appellant and appellee were negligent and that the negligence of each was a substantial factor in causing appellant's injuries. The jury apportioned liability as follows: appellant, forty-nine percent (49%) negligent; appel-

lee, fifty-one percent (51%) negligent. Appellant's total damages were assessed at eighteen thousand dollars ($18,000.00).

Appellant timely filed a motion for delay damages, requesting that the trial court compute the damages based on the total amount of the verdict, i.e., $18,000.00. Appellee opposed the motion, contending that delay damages should only be calculated on the verdict, as molded to reflect appellant's comparative negligence. The trial court granted the motion for delay damages, but calculated the award based on the molded verdict.[1] Appellant filed a praecipe for final judgment, which was duly entered. Appellant timely appealed therefrom.

■■■■ Appellant contends that, in computing the delay damages owed by appellee, the trial court erred in utilizing the molded damages rather than the full amount awarded by the jury. In addressing this issue, we note that an appellate court will not reverse an award of Rule 238 delay damages unless there has been an abuse of discretion by the lower court. *See, e.g., Barris v. Bob's Drag Chutes and Safety Equipment, Inc.,* 717 F.2d 52, 55 (3d Cir.1983).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

*Paden v. Baker Concrete Construction, Inc.,* 540 Pa. 409, 412, 658 A.2d 341, 343 (1995) (citations and quotation marks omitted). We will evaluate the trial court's decision and appellant's arguments mindful of these principles.

1. The verdict was reduced by 49% or $8,820.00 (18,000 × 49% = 8,820), thus resulting in net damages of $9,180.00 (18,000 − 8,820 # 9,180).

Our analysis begins with a review of Pa.R.C.P., Rule 238(a)(1), 42 Pa.C.S.A., which provides in relevant part that "damages for delay shall be added to the compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury . . . and shall become part of the verdict. . . ." Appellant argues that this language should be construed to mean that delay damages must be based on the total amount of damages awarded by the jury, without regard to any negligence on his part. Appellant refers us to *Woods v. Commonwealth, Department of Transportation,* 531 Pa. 295, 612 A.2d 970 (1992) in support of his position. Appellant's reliance on this case is misplaced.

The jury in *Woods* determined that the defendant was solely responsible for the plaintiff's injuries and assessed damages at $1.5 million dollars ($1,500,000.00). *Woods,* 531 Pa. at 296, 612 A.2d at 970. Because the defendant was the Commonwealth of Pennsylvania, however, the plaintiff was precluded from recovering more than $250,000.00 pursuant to the damages cap set forth in the Sovereign Immunity Act. *Id.* In calculating the amount of delay damages to which the plaintiff was entitled, the trial court utilized the statutory damages cap rather than the jury's actual verdict. *Id.* On appeal, the Supreme Court reversed and held that delay damages must be based on the actual verdict rather than the statutory cap. *Id.,* 531 Pa. at 297–300, 612 A.2d at 971–972.

Unlike the defendant in *Woods,* the appellee in this case was not found to be exclusively responsible for the plaintiff's injuries. Rather, the jury concluded that appellant was forty-nine percent negligent and that his own negligence was a substantial factor in bringing about the injuries that he sustained. Jury Verdict Form, dated 4/17/96, at 1–2. Moreover, the jury's verdict is not premised on limits imposed by the legislature. It instead reflects the jury's finding that appellant was partially responsible for his own injuries.

Although *Woods* factually differs from this case, it is nonetheless instructive. In *Woods,* our Supreme Court stated that Rule 238(a)(1) "is clear and unambiguous and is indicative of

548

the intent to have damages apply to the verdict or award itself, which represents the actual factfinder's assessment of the plaintiff's damage...." *Id.,* 531 Pa. at 299, 612 A.2d at 972. The verdict or actual assessment of the jury in this case is that the defendant is only responsible for fifty-one percent of the total damages sustained by appellant, or $9,180.00. The delay damages therefore must be calculated on the verdict as molded, as it is the molded verdict which represents the jury's actual assessment. To construe the rule in the manner suggested by appellant would require us to ignore the jury's actual verdict. Such an interpretation could not have been intended by our Supreme Court. *See Woods, supra* (explaining that the Supreme Court intended to have delay damages apply to the actual fact finder's assessment of the plaintiff's damage) and Pa.R.C.P. Rule 128(a), 42 Pa.C.S.A. (providing that the Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable). Finding no error or abuse of discretion by the trial court, we affirm the judgment.

Judgment affirmed.