833 A.2d 138

**Alessa ELLIOTT–REESE, Appellant,**

**v.**

**MEDICAL PROFESSIONAL LIABILITY CATASTROPHE LOSS FUND and Pennsylvania Property and Casualty Insurance Guaranty Association, Appellees.**

Supreme Court of Pennsylvania.

Oct. 3, 2003.

## ORDER

PER CURIAM.

**AND NOW,** this 3rd day of October, 2003, the Order of Commonwealth Court is **AFFIRMED.**

Justice SAYLOR files a Concurring Statement in which Chief Justice CAPPY joins.

Justice NIGRO dissents.

Justice LAMB did not participate in this case.

Justice SAYLOR, Concurring.

This is a direct appeal in which multiple issues are presented concerning the workings of the statutory schemes regulat-

ing the implementation of insurance coverage for medical malpractice liability established by a final verdict, and ameliorating financial loss to claimants or policyholders by virtue of insurer insolvency. Although the Court affirms on a *per curiam* basis, it is significant to me that the Commonwealth Court framed, but did not address, one significant question raised by Appellant, namely, whether the established vicarious liability of a separately insured corporate employer of the defendant physicians may serve to increase the maximum obligation of the Pennsylvania Property and Casualty Insurance Guaranty Association ("PPCIGA"), arising out of the insolvency of the insurer of both the corporation and the physicians. Particularly given the complexities of and ambiguities in the statutes involved, the substantive merit of the issue presented,[1] and the multiple possibilities for further related litigation depending on the present outcome and its underpinnings, I believe that Appellant is due some explanation for the rejection of her claim in this regard.

I join the present disposition solely on the ground that Appellant's claim with respect to the role of the corporate employer was not properly put before the Commonwealth Court, since it was not raised in the petition for review.[2] I believe, however, that this should at most delay the ripening of PPCIGA's remaining obligation, since this will occur upon demand of the corporate employer at such time as Appellant may pursue collection of the unfunded portion of her verdict.

Chief Justice CAPPY joins this concurring statement.

---

1. In my view, the Court's recent determinations in *Bell v. Slezak*, 571 Pa. 333, 812 A.2d 566 (2002), that the term "claimant" as used in the provision of the PPCIGA Act establishing limitations on PPCIGA's obligations includes both insureds and third-party claimants, *see id.* at 343–44, 812 A.2d at 572–73, and in *Keystone Aerial Surveys, Inc. v. PPCIGA*, 574 Pa. 147, 829 A.2d 297 (2003), which rejected the position that the PPCIGA Act's "per claimant" limitation is occurrence based, *see id.* at 151–54, 829 A.2d at 300–01, control the substantive resolution of such question.

2. The issue appears to have been first raised in Appellant's responses applications for summary relief filed by, *inter alia*, PPCIGA.