Richard A. MARLETTE, Sr. and Marleen Marlette, his Wife, Appellants

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Herman L. Jordan, Appellees.

Richard A. Marlette, Sr. and Marleen Marlette, his Wife, Appellees

v.

State Farm Mutual Automobile Insurance Company and Herman L. Jordan.

Appeal of State Farm Mutual Automobile Insurance Company, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 2, 2009.

Filed Dec. 10, 2010.

---

Sean J. Carmody, Pittsburgh, for Marleen and Richard Marlette.

Daniel L. Rivetti, Pittsburgh, for State Farm.

BEFORE: MUSMANNO, BENDER and BOWES, JJ.

OPINION BY MUSMANNO, J.:

Richard A. Marlette, Sr. ("Mr. Marlette") and his wife, Marleen Marlette ("Mrs. Marlette"), (collectively, "the Marlettes") appeal from the Order [1] directing State Farm Mutual Automobile Insurance Company ("State Farm") to pay the Marlettes delay damages in the amount of $28,223.76 in the underlying uninsured motorist ("UM") case. In its cross-appeal,[2] State Farm challenges its obligation to pay delay damages in excess of its policy limits. After careful review, we vacate the judgment and remand for a recalculation of delay damages.

The instant case arises from an automobile accident that occurred on July 2, 2002, in the City of Pittsburgh. Mr. Marlette, a Florida resident, was stopped in traffic when a vehicle operated by Herman L. Jordan ("Jordan"), who was uninsured, crossed the centerline and sideswiped Mr. Marlette's vehicle. As a result of the accident, Mr. Marlette sustained serious phys-

---

1. The Marlettes filed their Notice of appeal from the trial court's March 24, 2009 Order granting, in part, their Motion for delay damages. Such an order is generally interlocutory and not appealable unless reduced to judgment. *LaRue v. McGuire*, 885 A.2d 549, 551 n. 1 (Pa.Super.2005). However, judgment was subsequently entered on the award of delay damages on May 22, 2009. There-

fore, as in *LaRue*, "we will consider the appeal filed after the entry of judgment." *Id.* (citation omitted).

2. State Farm also appeals from the Order of March 24, 2009. We will consider State Farm's appeal filed after the entry of judgment. *See* n. 1, *supra*. This Court consolidated the appeals on May 11, 2009.

ical injuries as well as lost wages and impairment of his earning capacity. The Marlettes had an auto insurance policy ("the Policy") with State Farm. The Policy provided stacked UM coverage totaling $250,000.

On October 13, 2006, the Marlettes filed this action in Allegheny County, pursuant to the Policy, against Jordan and State Farm for UM coverage. They sought damages for Mr. Marlette's bodily injuries and lost wages arising out of the accident and Mrs. Marlette's loss of consortium. Liability was uncontested; the case proceeded to trial on the issue of damages. Following a two-day trial, the jury returned a verdict in favor of the Marlettes, awarding Mr. Marlette $550,000 and Mrs. Marlette $150,000. The trial court molded the verdict to reflect the Marlettes' UM policy limits of $250,000 and credited an earlier payment of $16,693.02 made by State Farm, resulting in a verdict of $233,306.98 for the Marlettes.

■ The Marlettes subsequently filed a Motion pursuant to Pennsylvania Rule of Civil Procedure 238[3] seeking delay damages on the $550,000 verdict awarded to Mr. Marlette.[4] State Farm opposed this Motion, arguing that the Marlettes were not legally entitled to delay damages. The trial court awarded delay damages in the amount of $28,223.76, which was calculated by applying the appropriate interest rates to the molded verdict of $233,306.98. This appeal and cross-appeal timely followed.

The Marlettes contend that the trial court abused its discretion and erred as a matter of law in calculating Rule 238 delay damages based upon the molded verdict rather than upon the actual jury verdict of $550,000 for Mr. Marlette's personal injuries. State Farm argues that no delay damages can be awarded in excess of the $250,000 UM policy limits under either Florida or Pennsylvania law, and thus, it was error to assess delay damages that, when added to the verdict, resulted in a judgment exceeding those limits. As State Farm raises issues implicating a choice of law that could potentially impact all of the issues on appeal, we address State Farm's cross-appeal first. State Farm raises the following issues for our review:

Whether the trial court erred in awarding delay damages in a lawsuit involving a claim for uninsured motorist benefits under an automobile insurance policy issued in Florida when:

1. The insurer paid the policy limits, and Pennsylvania and Florida law provide that an insurer does not have to pay more than its policy limits absent a finding of bad faith; and

2. Florida law, which controls application of the insurance policy provisions[,] prohibits an award of "prejudgment interest" in uninsured motorist lawsuits[?]

State Farm's Brief at 1.

■ Our standard of review is *de novo* because contentions concerning the

---

**3.** Rule 238 provides, in pertinent part, as follows:

> **238. Damages for Delay in Actions for Bodily Injury, Death or Property Damage**
> (a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court

in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.
> Pa.R.C.P. 238(a)(1).

**4.** It is undisputed that delay damages are not awarded for claims of loss of consortium. *Anchorstar v. Mack Trucks, Inc.*, 533 Pa. 177, 620 A.2d 1120, 1122 (1993).

interpretation of the rules of civil procedure raise questions of law. *Jones v. Rivera*, 866 A.2d 1148, 1150 (Pa.Super.2005). At issue herein is the applicability of Pa. R.C.P. 238 to a Florida motor vehicle insurance policy with UM insurance policy limits of $250,000. We review a ruling under Rule 238 for an abuse of discretion. *Tindall v. Friedman*, 970 A.2d 1159, 1177 (Pa.Super.2009).

■ We preliminarily note that a choice-of-law analysis is only applicable to conflicts of substantive law. *Ferraro v. McCarthy–Pascuzzo*, 777 A.2d 1128, 1137 (Pa.Super.2001). If an issue is procedural, Pennsylvania law will govern. *Id.* Thus, our first inquiry is whether the application and computation of Rule 238 delay damages is substantive or procedural.

■ In 1968, the Judiciary Article of the Pennsylvania Constitution was altered to grant the Supreme Court "the power to prescribe general rules governing practice, procedure, and the conduct of all courts...." Pa. Const. Art. V, § 10(c). Rule 238, providing for delay damages in the nature of pre-judgment interest, is such a rule. The Civil Rules Committee, following a study of major cases in Pennsylvania not subject to arbitration, concluded that delay was "emasculat[ing] the judicial system's ability to hear cases. Rule 238 fulfills [the Supreme] Court's obligation to the legislature and to the public to effectuate prompt, expeditious trial and settlement of cases." *Laudenberger v. Port Auth. of Allegheny County*, 496 Pa. 52, 436 A.2d 147, 152 (1981).

Rule 238 is therefore primarily intended to alleviate delay in our courts and encourage defendants to settle meritorious claims as soon as possible. *See* Civil Procedural Rules Committee Explanatory Comment to Pa.R.C.P. 238 (1988). Its secondary purpose is to compensate plaintiffs for the delay in receiving money to which they were entitled, but which remained in the hands of a defendant during litigation. *Willet v. Pennsylvania Med. Catastrophe Loss Fund*, 549 Pa. 613, 702 A.2d 850, 854 n. 7 (1997). Defendants can protect themselves from exposure to pre-judgment interest by making a settlement offer in writing that bears a substantial relationship to the actual damages or by offering policy limits. *Laudenberger*, 436 A.2d at 151; *see also Miller v. Hellman*, 433 Pa.Super. 539, 641 A.2d 592, 594–95 (1994) (holding that where the insurer of the at-fault driver in the plaintiffs' personal injury action offered to pay the full policy limits shortly after the plaintiffs' filing of their complaint, the insurer was not liable for delay damages).

The Supreme Court held in *Laudenberger*, and has steadfastly maintained since then, that Rule 238 involves a matter of procedure. *Laudenberger*, 436 A.2d at 155; *Pivirotto v. Pittsburgh*, 515 Pa. 246, 528 A.2d 125, 130 (1987) (same). As Rule 238 is procedural and applicable herein, Pennsylvania law governs. Therefore, Florida case law has no bearing on the proper application of Rule 238.

State Farm argues that, under Pennsylvania law, it may not be held liable for delay damages in excess of its policy limits absent a finding of bad faith or policy language to the contrary. *See* State Farm's Brief at 6–9. State Farm relies heavily upon this Court's recent decision in *Thompson v. T.J. Whipple Constr. Co.*, 985 A.2d 221 (Pa.Super.2009), in which the Court affirmed the trial court's refusal to impose delay damages on the "high" of a high/low settlement absent an agreement among the parties to that effect. *See* State Farm's Brief at 7–9. Our holding in *Thompson*, however, is unique to high/low agreements and inapplicable on the facts before us.

■ A high/low agreement is "a settlement in which a defendant agrees to pay the plaintiff a minimum recovery in return for the plaintiff's agreement to accept a maximum amount regardless of the outcome of the trial." *Thompson,* 985 A.2d at 222 (quoting BLACK'S LAW DICTIONARY, 8th ed. (2004)). The parties in *Thompson* agreed that the high would be $1,000,000 and the low, $250,000. *Id.* Delay damages were not discussed as part of the settlement negotiations. Following trial, the jury returned a verdict of $1,071,041.67, which the trial court reduced to $1,000,000, in accordance with the settlement agreement. *Id.* The plaintiff filed a petition seeking Rule 238 delay damages, which was denied, and the plaintiff appealed. *Id.* at 223.

This Court affirmed the denial of delay damages, focusing on the purpose of a high/low agreement and the fact that the parties specifically negotiated its terms. *Id.* at 227–28, 230. We held that the agreement was a conditional settlement and that "unless the parties expressly say otherwise, calculation of prejudgment interest beyond the chosen limits is not part of a high/low agreement." *Id.* at 226 (citation omitted).

*Thompson* is not controlling herein. A form insurance policy purchased far in advance of the incident giving rise to liability, as occurred in this case, is not analogous to the settlement agreement in *Thompson,* which was negotiated on the eve of trial after damages had been ascertained. Further, a policy limit on compensatory damages is not the same as the settlement of all claims, as occurred in *Thompson.* Moreover, critical to our holding in *Thompson* was the fact that the parties mutually negotiated a conditional settle-ment. A verdict outside the range of the high/low agreement triggered the condition, rendering the high or low amount binding as a settlement and supplanting the jury verdict.[5] Rule 238 delay damages are not awarded on settlements because the encouragement of settlements is the policy underlying Rule 238.

We have also reviewed the other Pennsylvania cases that State Farm cites in support of its claim and determine that its reliance upon these cases is misplaced. *See* State Farm's Brief at 6–7 (citing *Incollingo v. Ewing,* 474 Pa. 527, 379 A.2d 79 (1977), *Cowden v. Aetna Cas. & Surety Co.,* 389 Pa. 459, 134 A.2d 223 (1957), and *Browne v. Nationwide,* 713 A.2d 663 (Pa.Super.1998)). To the contrary, analogous case law supports a determination that State Farm may be held liable for delay damages in excess of the UM policy limits. *See Allen v. Mellinger,* 567 Pa. 1, 784 A.2d 762, 767–68 (2001) (where the Commonwealth defendant's liability was limited to $250,000 due to a statutory enactment, holding that an additional award of delay damages against the Commonwealth was proper even though the delay damages increased the Commonwealth's liability beyond the statutory cap); *LaRue, supra* (where the parties in the underlying personal injury action entered into a pretrial stipulation that any compensatory damage award for the plaintiff could not exceed $15,000, holding that an award of delay damages was proper even though those damages increased the defendant's liability beyond the stipulated amount).

■ Turning to the language of the Policy, we note that it imposes a limit on damages for bodily injury only. Pre-award interest or delay damages are not

---

5. The *Thompson* Court noted, however, that where the jury renders a verdict within the range of the high/low agreement, the condi-tion is not met and there is no settlement. *Thompson,* 985 A.2d at 228. In that event, Rule 238 may properly apply to the verdict.

specifically mentioned in the UM context; however, the Policy provides that they are recoverable in the liability context.[6] Under the policy provisions regarding UM coverage, State Farm agreed to pay "damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.*" The Policy at 18 (emphasis in original). This language places UM damages recoverable from State Farm on the same footing as damages for third party liability, which generally includes damages for delay and costs. Arguably, by placing State Farm on the same footing as the third party tortfeasor, *vis a vis* the insured, the Policy allows delay damages in excess of the policy limits. In any event, we discern no language in the Policy that can be construed as limiting liability for delay damages or pre-award interest in the UM context. State Farm's failure to specifically mention interest or delay damages in the Policy it drafted renders it ambiguous on this point, and, therefore, it must be construed against the insurer. *See Standard Venetian Blind Co. v. Am. Empire Ins. Co.,* 503 Pa. 300, 469 A.2d 563, 566 (1983). Since there is no language in the Policy that prohibits an award of delay damages in excess of the UM policy limits, nor is such an award precluded by law, State Farm's cross-appeal fails.

Having concluded that State Farm is not entitled to relief in its cross-appeal, we turn now to the question raised by the Marlettes on appeal:

> Whether Pa.R.C.P. § 238 delay damages in the present matter should be calculated upon the factfinders' verdict for personal injuries and damages sustained by Richard Marlette ($550,000.00) as opposed to the molded verdict based upon the net amount of insurance coverage provided by [State Farm] ($233,-306.98)[?]

The Marlettes' Brief at 4.

The trial court held that it properly calculated delay damages on the net amount of insurance coverage as reflected in the molded verdict, opining that Rule 238 contemplates that delay damages are to be calculated based upon the amount of the compensatory damages *recoverable* by the plaintiff. Trial Court Opinion, 7/6/09, at 4. In so holding, the trial court conceded that it "remov[ed] the unpredictability of delay damages on the[ ] potentially much larger, unmolded jury verdict[,]" the effect of which was to "undermine the salutary effect of Rule 238's encouragement of settlements[ ]" to some degree. *Id.* at 4–5. According to the court, however, its interpretation and application of Rule 238 "d[id] not *unduly* restrict the salutary purpose of Rule 238." *Id.* (emphasis in original). For the reasons that follow, we determine that the trial court erred in its calculation of delay damages.

In addressing this issue, State Farm asserts that any delay damages against it must be calculated based upon the verdict as molded to reflect the Marlettes' UM policy limits. State Farm's Brief at 10–11. In support, State Farm relies upon *Allen, supra.* We determine that State Farm's reliance upon *Allen* in this regard is misplaced.

The *Allen* Court addressed the interplay between Rule 238 and the statutory cap on compensatory damages recoverable, imposed by section 8528(b) of the Sovereign

---

**6.** *See* the Policy at 7 (providing, in relevant part, that "[i]n addition to the limits of liability, we will pay for an *insured* any costs listed below resulting from such accident[:] 2. Interest on damages owed by the *insured* due to a judgment and accruing[ ] ... before the judgment, where owed by law, but only on that part of the judgment we pay." (emphasis in original)).

Immunity Act,[7] when a Commonwealth party is a defendant. *Allen*, 784 A.2d at 763. The plaintiff in *Allen* was injured in a motor vehicle accident and thereafter filed a negligence action against both the other driver and the Pennsylvania Department of Transportation. *Id.* at 763–64. A jury rendered a verdict against the other driver and the Commonwealth. *Id.* at 764. The relevant question before the Court in *Allen* was whether a calculation of delay damages was applicable to the entire jury verdict against the Commonwealth or to the verdict as molded to reflect the statutory compensatory damages cap of $250,000. *Id.* at 767. The Court held that "delay damages recoverable from Commonwealth parties are limited to those calculated based upon the statutory cap." *Id.* at 768–69. In so holding, the Court reasoned that since the Commonwealth cannot be liable for any sum beyond the statutory cap, a plaintiff would have no reason to anticipate recovery of delay damages on a verdict rendered in excess of that cap. *Id.* at 768. The Court further explained that "the hardships which may befall plaintiffs who seek damages against Commonwealth parties occur as a direct consequence of the statutory limitations upon damages...." *Id.* The *Allen* Court also noted that "the Sovereign Immunity Act creates a unique relationship of rights and duties between plaintiffs and Commonwealth parties" that does not exist "in the case of private litigants not subject to limitations on liability." *Id.*

Unlike *Allen*, here, there was no statutory cap on the liability of State Farm, a private litigant. As this Court stated in *Thompson, supra,* "[t]he interplay of the Sovereign Immunity Act with Pa.R.C.P. 238 [in *Allen*] created a unique scenario not applicable here, where the parties were not bound by statutorily-imposed limits on recovery." *Thompson,* 985 A.2d at 225. The policy limit for UM coverage in this case simply cannot be equated with a statutorily-imposed cap on liability for Commonwealth parties.

We acknowledge, however, that our appellate courts have not strictly limited the holding of *Allen* to only those cases involving Commonwealth parties. In *LaRue, supra,* the plaintiff/lessee in the underlying negligence action voluntarily entered into a pre-trial stipulation with the defendant/lessor whereby the parties agreed to limit the defendant's liability in the pending jury trial to a maximum compensatory damage award of $15,000. *LaRue,* 885 A.2d at 551–52. In return, the plaintiff was permitted to enter his medical reports into evidence without the necessity of authenticating the documents, pursuant to Pa.R.C.P. 1311.1.[8] *LaRue,* 885 A.2d at 552. At the close of trial, the jury awarded a verdict for the plaintiff in the amount of $600,000. *Id.* The trial court molded the verdict to reflect the maximum compensatory damage award of $15,000, to which the parties had stipulated. *Id.* The plaintiff subsequently filed a motion for Rule 238 delay damages, which the trial court denied. *Id.*

After first determining that the plaintiff in *LaRue* was entitled to an award of delay damages, the Court held that, in light of

---

7.  42 Pa.C.S.A. § 8521 *et seq.*

8.  As the *LaRue* Court explained,
    Rule 1311.1, addressing introduction of evidence on appeal from the award of arbitrators, contributes to the overall goal of compulsory arbitration by reducing the time and costs associated with calling witnesses to authenticate documents that are introduced into evidence at the trial *de novo*. In exchange for this cost-saving benefit, [a] plaintiff agrees to limit damages to $15,000[, now $25,000 under the current rule], regardless of the jury's verdict in his or her favor.
    *LaRue,* 885 A.2d at 553.

the plaintiff's voluntary decision to limit the amount of compensatory damages recoverable, the award of delay damages should be based not upon the jury's verdict but upon the molded verdict reflecting the stipulated sum. *Id.* at 555, 557–58. In so holding, the Court stated, *inter alia,* as follows:

> We recognize that in *Allen,* a statutory enactment imposed the limitation on the Commonwealth's liability, whereas in this case, **[the plaintiff] voluntarily agreed to the limitation on [the defendant's] liability pursuant to Rule 1311.1, in order to gain the benefit of reduced expenditures.** Nonetheless, the effect of [the plaintiff's] voluntary choice is that he is not a "private litigant[ ] not subject to limitations on liability[,]" the distinction the *Allen* court emphasized.

*LaRue,* 885 A.2d at 557 (quoting *Allen,* 784 A.2d at 768) (emphasis added).

▆▆▆ In the instant case, unlike *LaRue,* the Marlettes did not enter into an agreement with State Farm to limit the insurer's potential liability in exchange for some form of benefit at trial. The voluntary decision by the plaintiff in *LaRue* to proceed under Pa.R.C.P. 1311.1 is not akin to the inherent "limitation" of the compensatory damages recoverable by the Marlettes in a UM action, which was imposed not by a pre-trial stipulation and the Rules of Civil Procedure, but solely by the terms of the Policy issued by State Farm. Indeed, in *every* insurance coverage dispute, an insurer's liability, absent a claim of bad faith, is limited by the applicable insurance policy limits.

Moreover, the plain language of Rule 238 supports a determination that the delay damages against State Farm should be calculated based upon the award of the jury. Rule 238 provides, in relevant part, that "damages for delay **shall be added to the amount of compensatory damages *awarded* against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury** ... and shall become part of the verdict, decision or award." Pa.R.C.P. 238(a)(1) (emphasis added). Here, the amount of compensatory damages that the jury *awarded* in its verdict for Mr. Marlette was $550,000. "Under our rules of statutory construction, we must give effect to every word in every provision of a statute, and we may not interpret statutory language in a manner that renders any provision as superfluous or mere surplusage." *Gaudio v. Ford Motor Co.,* 976 A.2d 524, 537 (Pa.Super.2009); Pa.R.C.P. 127(b) (providing that "[e]very rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Here, we cannot ignore the explicit reference in Rule 238 to "compensatory damages *awarded* " nor may we interpret the language of the Rule to imply an intention by the Supreme Court that delay damages shall be calculated based upon the sum *legally recoverable* by a plaintiff. *See Gaudio,* 976 A.2d at 536 (stating that "[l]istening attentively to what the statute does not say, we may not interpret the language to express a limitation it simply does not contain.").

Finally, our disposition in this case is supported by the policy considerations underlying the Supreme Court's enactment of Rule 238. As mentioned above, the Rule's primary purpose is to encourage settlements. *Laudenberger,* 436 A.2d at 152. In the circumstances presented herein, Rule 238 can only be effectuated by calculating delay damages based upon the jury's verdict and not upon the verdict as molded to reflect the insurance policy limits. If we were to apply the Rule as State

Farm suggests, there would be no "unknown" that would motivate an insurer/defendant to make a reasonable settlement offer. Indeed, it could actually provide an insurer with a *disincentive* to settle a meritorious claim in hopes of forcing the plaintiff to settle a claim for less than the amount of the insurer's liability exposure under the insurance policy. Even if protracted litigation ensues and the dispute proceeds to trial, the insurer may only be liable for the applicable policy limits, even though, as here, the verdict of the factfinder significantly exceeds the policy limits. Further, to apply Rule 238 as the trial court did in the instant case may provide insurers with an economic disincentive to settle meritorious claims in insurance coverage disputes. Specifically, an insurer has no incentive to settle where the financial returns on the insurer's investment of the retained funds (*i.e.*, reflecting the policy limits at issue that remains in the insurer's possession during litigation) exceed the maximum potential delay damages exposure should the plaintiff prevail at trial. An insurer in the above situations risks nothing and faces no negative consequences for delay. Such an application of Rule 238 would eviscerate the policies underlying the Rule.

Based upon the foregoing, we conclude that the delay damages award against State Farm should be calculated based upon the jury's award of compensatory damages for Mr. Marlette. Accordingly, we vacate the trial court's judgment as to the delay damages and remand the matter for the court to re-calculate delay damages in accordance with this Opinion.

Judgment vacated. Case remanded with instructions. Superior Court jurisdiction relinquished.

BOWES, J., files a Dissenting Opinion.

DISSENTING OPINION BY BOWES, J.:

As I believe our Supreme Court's reinterpretation of the language of Pa.R.C.P. 238 in *Allen v. Mellinger*, 567 Pa. 1, 784 A.2d 762 (2001) is controlling for the general proposition that delay damages are to be calculated on the compensatory damages legally recoverable rather than the verdict, I respectfully dissent.

In *Woods v. Commonwealth Department of Transportation*, 531 Pa. 295, 612 A.2d 970 (1992) (overruled by *Allen v. Mellinger, supra*), our Supreme Court concluded that the unpredictability of delay damages was a powerful factor in promoting settlement of cases. The Court rejected the calculation of damages upon the statutory cap imposed as to verdicts against Commonwealth defendants finding it to be a "distinct disincentive" to settlement "since the delay damages would be based upon a predictable constant." *Id.* at 972. At that time, delay damages were routinely calculated on the compensatory damages awarded by a jury against a defendant.

In *Allen*, our Supreme Court revisited *Woods* and the interplay of Rule 238 and the statutory cap of $250,000 on the liability of a Commonwealth defendant imposed by § 8528(b) of the Sovereign Immunity Act, 42 Pa.C.S. §§ 8521–8553. One of the issues in *Allen* was whether delay damages were to be calculated on a jury award against the Commonwealth defendant that exceeded the statutory limit, or whether delay damages were to be calculated upon the statutory limit of $250,000. There was no question in *Allen* that the plaintiff was entitled to delay damages, even when the effect of the delay damage award was to increase the Commonwealth's liability beyond the statutory cap because the policy of Rule 238 was to encourage settlement. However, the *Allen* Court overruled its

earlier decision in *Woods, supra,* which held that such damages would be calculated on the verdict rather than on the statutory cap.

In so holding, the *Allen* Court reexamined the language of Rule 238 and concluded that the *Woods* Court improperly focused on the isolated phrase that delay damages shall be added to the "verdict of the jury ... decision of the court ... or award of arbitrators ... and shall become part of the verdict, decision or award." *Allen, supra* at 767. According to *Allen,* the *Woods* Court incorrectly concluded that this language was "indicative of [our Supreme Court's] intent to have damages apply to the verdict or award itself, which represents the actual factfinder's assessment of the plaintiff's damage, as opposed to the amount the plaintiff is legally entitled to recover." *Allen, supra* at 767, quoting *Woods, supra* at 972. Instead, the *Allen* Court focused on the following language: "damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant." The Court concluded:

> With respect to the rule's purpose of compensating the plaintiff for delay in receiving his or her recovery, it defies reason to suggest that the basis for calculating such compensation could be anything other than the amount the Commonwealth party could actually be responsible for paying to the plaintiff.

*Id.* Recognizing that plaintiff's compensatory damages could never exceed the statutory cap, the *Allen* Court reasoned that there could be no delay in receiving amounts in excess of that cap. Absent delay, the Court concluded that "the stated justification for compensating the plaintiff with delay damages is illusory." *Id.* at 768.

The majority attempts to distinguish *Allen* on the ground that it involved Commonwealth defendants subject to statutorily-imposed limits on recovery. However, this Court ignored that very distinction in *LaRue v. McGuire,* 885 A.2d 549 (Pa.Super.2005), and applied *Allen's* interpretation of Rule 238 in a case where private parties stipulated to a limit on compensatory damages. Indeed, the re-interpretation of the rule as imposing delay damages on the compensatory damages **recoverable** supplied the basis for our holding in *LaRue.*

In *LaRue,* we addressed the issue of whether delay damages were to be calculated on the $600,000 jury verdict or on the stipulated maximum award of $15,000. We held that *Allen* required the calculation of delay damages on the amount the plaintiff was legally entitled to recover, not on the actual verdict, because where compensatory damages are capped, there can be no delay in receiving amounts in excess of that cap. We found no appreciable difference between the facts in *Allen,* where a statute limited liability, and the facts in *LaRue,* where the plaintiff voluntarily stipulated to a limitation on the other party's liability pursuant to Rule 1311.1. The effect of that voluntary choice was that plaintiff was not a "private litigant [ ] not subject to limitations on liability [,] the distinction the *Allen* court emphasized." *LaRue, supra* at 557 (quoting *Allen, supra* at 768).

In the instant case, the Marlettes voluntarily elected and paid for $250,000 in UM coverage. Absent a bad faith claim, I find this self-imposed limitation on compensatory damages to be sufficiently analogous to the statutory limitation in *Allen* and the stipulation in *LaRue* to warrant the same treatment under Rule 238.[1] I can discern

---

1. In a third-party insurance case, the plain-    tiff's legal recovery is not capped at the defen-

no logical basis for limiting *Allen* to situations involving a statutory cap. As the *Allen* Court's holding was premised on a re-interpretation of the language of Rule 238, it is applicable in every case where delay damages are appropriate.

I believe that the majority's decision is based on a reinterpretation of the plain language of Rule 238 that is contrary to *Allen* and *LaRue*. The *Allen* Court, in overruling *Woods*, rejected the specific policy considerations that the majority espouses herein. In *Allen*, the Court was dissuaded that the primary policy consideration underlying Rule 238, the encouragement of settlements, would suffer in those situations where delay damages were calculated on the statutory limits rather than the uncertainty of a jury verdict. Indeed, the Court perceived the calculation of delay damages on the compensatory damages recoverable as more closely promoting the secondary policy underlying Pa.R.C.P. 238, which is the compensation of plaintiff for the loss of use of his money throughout the period of the delay.

Accordingly, I believe that the trial court properly calculated delay damages on the compensatory damages legally recoverable, rather than on the jury verdict, in accord with *Allen* and *LaRue*. As I cannot reconcile the majority's position with prevailing authority, I am compelled to dissent.

dant's policy limits. Thus, the verdict would control for the calculation of delay damages.