57 A.3d 1224

**Richard A. MARLETTE, Sr. and Marleen Marlette, His Wife**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Herman L. Jordan.**

Appeal of State Farm Mutual Automobile Insurance Company.

**Richard A. Marlette, Sr. and Marleen Marlette, His Wife**

v.

**State Farm Mutual Automobile Insurance Company and Herman L. Jordan.**

Appeal of State Farm Mutual Automobile Insurance Company.

Supreme Court of Pennsylvania.

Argued April 10, 2012.

Decided Dec. 28, 2012.

618

Daniel L. Rivetti, Robb Leonard Mulvhill, L.L.P., Pittsburgh, for State Farm Automobile Insurance Company.

Sean Joseph Carmody, Patberg, Carmody & Ging, P.C., Pittsburgh, Scott B. Cooper, Schmidt, Ronca & Kramer, PC, Harrisburg, for Richard A Marlette, Sr. and Marleen Marlette, his wife.

David C. Harrison, Philadelphia, George Gerasimos Rassias, Schmidt, Kirifides, Pearson, Koutcher & Fridkin, P.C., Media, for Appellee Amicus Curiae, Pennsylvania Association of Justice.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Justice TODD.

We granted allowance of appeal in this consolidated case to consider whether a plaintiff may recover delay damages on the full amount of a jury verdict in his favor, or whether delay damages are limited to the amount of the legally-recoverable molded verdict, as it was adjusted by the court to reflect insurance policy limits. For the reasons that follow, we hold that a plaintiff may recover delay damages only on the amount of legally-recoverable damages to which he is entitled pursuant to the molded verdict. Thus, we remand this matter to the Superior Court for remand to the trial court for reinstatement of its original award of delay damages.

On July 2, 2002, Richard Marlette and his wife Marleen (collectively, the "Marlettes") were stopped in traffic in the City of Pittsburgh when a vehicle operated by Herman Jordan crossed the center line and sideswiped the Marlettes' vehicle.

Mr. Marlette, who occupied the driver's seat, sustained serious physical injuries, as well as lost wages and impairment of his earning capacity. On October 13, 2006, the Marlettes filed an action in the Allegheny County Court of Common Pleas against Jordan, who was uninsured, and their own insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), for uninsured motorist ("UM") coverage. Liability was uncontested, and the case proceeded to trial on damages.

█ Following a two-day trial, the jury returned a verdict in favor of the Marlettes, awarding Mr. Marlette $550,000 for his bodily injuries and lost wages, and Mrs. Marlette $150,000 for loss of consortium. The trial court molded the $700,000 verdict to reflect the $250,000 policy limit of the Marlettes' UM policy with State Farm, which was issued in Florida.[1] The trial court credited an earlier payment of $16,693.02 by State Farm, resulting in a verdict of $233,306.98. Subsequently, pursuant to Pa.R.Civ.P. 238,[2] the Marlettes filed a motion for delay damages on the $550,000 verdict in favor of Mr. Marlette,[3] which State Farm opposed. The trial court granted the Marlettes' motion, but awarded delay damages in the

1. The Marlettes' policy provided for coverage of $50,000 per vehicle, and the Marlettes had five vehicles insured with State Farm, resulting in stacked coverage of $250,000. Complaint at 3 (R.R. at 11a).

2. Rule 238 provides, in relevant part:
   (a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.
   (2) Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.
   (3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded.
   Pa.R.Civ.P. 238(a).

3. Delay damages are not available for awards based on loss of consortium. See Anchorstar v. Mack Trucks, Inc., 533 Pa. 177, 620 A.2d 1120,

amount of $28,223.76, which the trial court calculated by applying the applicable interest rate to the molded verdict of $233,306.98.

The Marlettes and State Farm filed cross-appeals with the Superior Court. The Marlettes argued the trial court abused its discretion by calculating its award of delay damages based on the molded verdict, rather than the actual jury verdict of $550,000 in favor of Mr. Marlette. State Farm argued, *inter alia,* that the trial court erred in awarding any delay damages whatsoever because, when added to the molded verdict amount, it resulted in a judgment in excess of the Marlettes' $250,000 UM policy limit, which State Farm alleged was impermissible under both Pennsylvania and Florida law.[4] Alternatively, State Farm argued that calculation of delay damages must be based on the verdict as molded to reflect the Marlettes' UM policy limits. In support of its argument, State Farm relied on this Court's decision in *Allen v. Mellinger,* 567 Pa. 1, 784 A.2d 762 (2001), wherein we held that delay damages recoverable from Commonwealth parties are limited to those calculated based on the statutory cap established by the Sovereign Immunity Act, 42 Pa.C.S.A. §§ 8521 *et seq.,* rather than the jury's award.

In a divided opinion, the Superior Court vacated the trial court's judgment on delay damages, and remanded for recalculation of delay damages based on the amount of the jury verdict. *Marlette v. State Farm Mut. Auto. Ins. Co.,* 10 A.3d 347 (Pa.Super.2010). The majority first rejected State Farm's argument that the Marlettes were not entitled to any delay damages, noting that an award of delay damages was not precluded by Pennsylvania or Florida law, or by the language of the Marlettes' UM policy. The majority further deter-

1122 (1993). Thus, when we refer in this opinion to "the amount of the jury verdict," we are referring only to the $550,000 awarded to Mr. Marlette.

4. The Marlettes are residents of Florida, but commenced their action against State Farm in Allegheny County pursuant to the terms of their UM policy. Before the Superior Court, State Farm raised issues regarding the choice of law; however, this Court's grant of review does not encompass those issues, and, accordingly, they are not discussed further.

mined that the amount of delay damages should be calculated based on the amount of the jury verdict, concluding State Farm's reliance on *Allen* was misplaced:

> Unlike *Allen*, here, there was no statutory cap on the liability of State Farm, a private litigant. As this Court stated in [*Thompson v. T.J. Whipple Const. Co.*, 985 A.2d 221 (Pa.Super.2009) ], "[t]he interplay of the Sovereign Immunity Act with Pa.R.C.P. 238 [in *Allen* ] created a unique scenario not applicable here, where the parties were not bound by statutorily-imposed limits on recovery." *Thompson*, 985 A.2d at 225. The policy limit for UM coverage in this case simply cannot be equated with a statutorily-imposed cap on liability for Commonwealth parties.

*Marlette*, 10 A.3d at 354.

The majority recognized that "appellate courts have not strictly limited the holding of *Allen* to only those cases involving Commonwealth parties," *Marlette*, 10 A.3d at 354, noting that, in *LaRue v. McGuire*, 885 A.2d 549 (Pa.Super.2005), the Superior Court determined that a slip-and-fall victim's delay damages should be calculated based on the $15,000 damages cap to which the victim stipulated in exchange for entry of his medical reports into evidence without authentication, rather than on the jury verdict in his favor, which was in excess of $600,000. The majority, however, distinguished *LaRue*, stating:

> unlike *LaRue*, the Marlettes did not enter into an agreement with State Farm to limit the insurer's potential liability in exchange for some form of benefit at trial. The voluntary decision by the plaintiff in *LaRue* to proceed under Pa.R.C.P. 1311.1 is not akin to the inherent "limitation" of the compensatory damages recoverable by the Marlettes in a UM action, which was imposed not by a pretrial stipulation and the Rules of Civil Procedure, but solely by the terms of the Policy issued by State Farm.

*Marlette*, 10 A.3d at 355.

Next, the majority reasoned that, under the plain language of Rule 238, delay damages against State Farm should be calculated based on the amount of the jury's award:

Rule 238 provides, in relevant part, that "damages for delay **shall be added to the amount of compensatory damages *awarded* against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury** . . . and shall become part of the verdict, decision or award." Pa.R.C.P. 238(a)(1) (emphasis added). Here, the amount of compensatory damages that the jury **awarded** in its verdict for Mr. Marlette was $550,000.

*Id.* at 355.

Finally, the majority concluded its holding was supported by the policy considerations underlying this Court's enactment of Rule 238, namely, to encourage settlements. The majority opined that such purpose "can only be effectuated by calculating delay damages based upon the jury's verdict and not upon the verdict as molded to reflect the insurance policy limits," because, if delay damages are calculated on the molded verdict,

there would be no "unknown" that would motivate an insurer/defendant to make a reasonable settlement offer. Indeed, it could actually provide an insurer with a disincentive to settle a meritorious claim in hopes of forcing the plaintiff to settle a claim for less than the amount of the insurer's liability exposure under the insurance policy.

*Id.* at 356.

Judge Bowes filed a dissenting opinion, wherein she suggested that the majority, in distinguishing this Court's decision in *Allen* on the basis that it involved a Commonwealth defendant and a statutorily-imposed limit on recovery, failed to recognize that the Superior Court ignored that very distinction in *LaRue*, and applied *Allen* where private parties stipulated to a limit on the recovery of compensatory damages. Judge Bowes further opined that the majority's holding was "based on a reinterpretation of the plain language of Rule 238 that is contrary to *Allen* and *LaRue*," and that this Court in *Allen* rejected the majority's suggestion that limiting the calculation of delay damages to the actual amount recoverable

by a plaintiff would be detrimental to the policy of encouraging settlements.

State Farm filed a petition for allowance of appeal with this Court, which we granted limited to the issue of whether the Superior Court erred in holding that the Marlettes may recover delay damages based on the amount of the jury verdict in favor of Mr. Marlette, as opposed to the amount which the Marlettes were entitled to recover under their policy with State Farm. As questions regarding the interpretation of the Rules of Civil Procedure are questions of law, our standard of review is *de novo* and our scope of review is plenary. *American and Foreign Ins. Co. v. Jerry's Sport Center, Inc.*, 606 Pa. 584, 595, 2 A.3d 526, 532–33 (2010).

As noted above, in support of its position that the Superior Court erred in holding the Marlettes were entitled to delay damages based on the amount of the jury verdict, State Farm argues that the Superior Court's decision conflicts with this Court's holding in *Allen*, a case in which an injured motorist filed an action against another driver who struck her vehicle and the Pennsylvania Department of Transportation ("PennDOT"). A jury awarded the plaintiff nearly $2.9 million, and apportioned liability as follows: 20% to the injured motorist; 40% to the other driver; and 40% to PennDOT. The trial court molded the verdict to conform to the statutory cap of $250,000 imposed by the Sovereign Immunity Act. Thereafter, the injured motorist filed a motion for delay damages, which the trial court granted based on the statutory cap. The Commonwealth Court affirmed, and Allen appealed to this Court.

In addressing the parties' arguments as to the proper method for calculating delay damages against the Commonwealth, this Court in *Allen* acknowledged that, in *Woods v. Com., Dep't of Transp.*, 531 Pa. 295, 612 A.2d 970 (1992), we considered the text of Rule 238 in its entirety and concluded:

> Rule 238 provides that delay damages shall be added to the "verdict of the jury, ... the decision of the court in a nonjury trial or ... the award of arbitrators appointed

under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award." ... This language is clear and unambiguous and is indicative of the intent to have damages apply to the verdict or award itself, which represents the actual factfinder's assessment of the plaintiff's damage, as opposed to the amount the plaintiff is legally entitled to recover.

*Woods*, 531 Pa. at 299, 612 A.2d at 972. We further noted in *Allen* that the *Woods* Court expressed concern that the purposes of Rule 238—to compensate the plaintiff for a delay in receiving his recovery and to encourage settlements—would be frustrated if delay damages were computed based on the statutory cap. *See Woods*, 531 Pa. at 299–300, 612 A.2d at 972.

However, in *Allen*, we concluded our reasoning in *Woods* "was fundamentally flawed" and that the decision must be overruled:

First, the analysis of the language of the Rule proceeded from a misleading paraphrase of the text. The actual language of the rule states "damages for delay shall be added **to the amount of compensatory damages awarded against each defendant or additional defendant** found liable to the plaintiff in the verdict of a jury, in the decision of the court ... or in the award of arbitrators ... and shall become part of the verdict, decision or award." (Emphasis added). The *Woods* opinion, however, ignored the emphasized language and declared that the Rule "provides that delay damages shall be added to the 'verdict of the jury ... decision of the court ... or award of arbitrators....'" 612 A.2d at 971. When the text is read in full, delay damages are added to the compensatory damages awarded against each defendant and then become part of the verdict. According to the *Woods* paraphrase, delay damages are simply added to the verdict. The difference in meaning is readily apparent and all the more critical because the next step of the *Woods* analysis characterized the "verdict or award" as representing the factfinder's assessment of the plaintiff's damage and contrasted it with the amount the plaintiff is legally entitled to recover.

The *Woods* opinion is similarly inadequate in its analysis of the purposes underlying Rule 238. With respect to the rule's purpose of compensating the plaintiff for delay in receiving his or her recovery, it defies reason to suggest that the basis for calculating such compensation could be anything other than the amount the Commonwealth party could actually be responsible for paying to the plaintiff. Since a plaintiff's compensatory damages can never exceed the statutory cap, there can be no delay in receiving amounts in excess of that cap. And if there is no delay, the stated justification for compensating the plaintiff with delay damages is illusory.

*Allen*, 567 Pa. at 10–11, 784 A.2d at 767–768 (emphasis original).

Finally, this Court in *Allen* rejected the *Woods* Court's theory that, if delay damages were computed on the statutory cap, "there would be a distinct disincentive [to seek settlement] since the delay damages would be based upon a predictable constant and there would then be no unknown which would motivate the Commonwealth to discuss settlement." *Woods*, 531 Pa. at 300, 612 A.2d at 972. We held that the Court in *Woods*

failed to perceive that the absence of an "unknown" originates in and cannot be separated from the statutory cap. The *Woods* rationale allows the Court to **create** an uncertainty of outcome to motivate settlement where no uncertainty otherwise exists. This is far different from channeling the uncertainty of outcome that exists in the case of private litigants not subject to limitations on liability.

*Allen*, 567 Pa. at 12, 784 A.2d at 768 (emphasis original). Accordingly, the *Allen* Court expressly overruled *Woods*, and held, *inter alia*, that "delay damages recoverable from Commonwealth parties are limited to those calculated based upon the statutory cap." *Id.* at 12–13, 784 A.2d at 768–69.

As noted above, the majority of the Superior Court below distinguished *Allen* on the basis that the defendant therein was the Commonwealth and not a private party, opining that a

statutorily-imposed cap on liability under the Sovereign Immunity Act "cannot be equated" with a policy limit for UM coverage. *Marlette*, 10 A.3d at 354. The Marlettes similarly argue that our holding in *Allen* "was specifically limited to Commonwealth parties." Appellees' Brief at 4. However, as Judge Bowes noted in her dissent, in *LaRue*, *supra*, the Superior Court itself applied *Allen* to hold that the plaintiff's delay damages were to be calculated based on the damages cap stipulated to by the parties.

The majority below attempted to distinguish *LaRue* on the basis that the Marlettes "did not enter into an agreement with State Farm to limit the insurer's potential liability in exchange for some form of benefit at trial," and that "the voluntary decision by the plaintiff in *LaRue* . . . is not akin to the inherent 'limitation' of the compensatory damages recoverable by the Marlettes in a UM action" pursuant to their policy with State Farm. *Marlette*, 10 A.3d at 355. The Marlettes likewise contend that the voluntary pretrial stipulation in *LaRue* "bears no material relation to uninsured motorist coverage limits selected by an insured years before any claim or litigation is initiated." Appellees' Brief at 6. We cannot agree with these attempts to distinguish *Allen* and *LaRue*.

■ The Marlettes voluntarily elected and paid for a UM policy with a $250,000 coverage limit. Under a UM policy, "the insured is not responsible for paying a deductible prior to recovery but may recover only up to the policy's specified coverage limits." *Jones v. Nationwide Prop. and Cas. Ins. Co.*, 32 A.3d 1261, 1263 (Pa.2011). We agree with the dissent that, absent a bad faith claim, the Marlettes' "self-imposed limitation on compensatory damages" is sufficiently analogous to the statutory limitation in *Allen*, wherein the plaintiff had *no* control over the statutory cap on compensatory damages, and the stipulation in *LaRue*, to warrant the same treatment under Rule 238. *See Marlette*, 10 A.3d. at 357 (Bowes, J., dissenting).

As discussed above, the majority below also concluded the plain language of Rule 238 requires that delay damages be

calculated based on the jury's award of damages. It further opined that limiting delay damages to the amount of a molded verdict would eliminate the "unknown" that motivates an insurer to make a reasonable settlement offer. Indeed, the majority below offered that "in *every* insurance coverage dispute, an insurer's liability, absent a claim of bad faith, is limited by the applicable insurance policy limits," *Marlette*, 10 A.3d at 355 (emphasis original), and, as a result, "an insurer has no incentive to settle where the financial returns on the insurer's investment of the retained funds ... exceed the maximum potential delay damages exposure should the plaintiff prevail at trial." *Id.* at 356. This concern is echoed by the Marlettes in their brief. Appellees' Brief at 5. However, this Court clearly considered, and rejected, both of these propositions in *Allen*, and we specifically denounced *Woods'* proposition that a plaintiff may recover, pursuant to Rule 238, delay damages based on the factfinder's assessment of damages. *See Allen*, 567 Pa. at 12, 784 A.2d at 767–68.

For all of the reasons discussed above, and consistent with our decision in *Allen*, we hold that a plaintiff's recovery of delay damages under Pa.R.Civ.P. 238 is limited to the amount of the legally-recoverable molded verdict as reflected by the insurance policy limits. Accordingly, we vacate the Superior Court's decision and remand this matter to the Superior Court for remand to the trial court for reinstatement of the trial court's original award of delay damages.

Justice ORIE MELVIN did not participate in the decision of this case.

Chief Justice CASTILLE and Justices SAYLOR, EAKIN and BAER join the opinion.

Justice McCAFFERY files a dissenting opinion.

Justice McCAFFERY, dissenting.

I respectfully dissent. I do so on the basis of my reading of the clear language of the rule and the explicit limitation of our prior holding. Unlike the Majority, I conclude that an in-

sured's entitlement to the award of delay damages in an action for recovery of uninsured motorist coverage benefits is not limited to the amount legally recoverable in a molded verdict, pursuant to policy limits, but should be based on the full amount of the jury verdict.

Appellees Richard Marlette and his wife Marleen Marlette were involved in a serious automobile accident. Because the individual who was responsible for the accident did not have automobile insurance, Appellees sued Appellant State Farm Mutual Automobile Insurance Company, their insurance carrier, for uninsured motorist coverage benefits. After a trial, a jury awarded Appellees $550,000 for their noneconomic damages and lost past and future wages. Appellees then petitioned the trial court to award delay damages pursuant to Pa.R.C.P. 238 on the jury verdict. However, because Appellees' insurance policy with Appellant provided only $250,000 in uninsured motorist coverage, the trial court awarded delay damages only on this lesser amount. Appellees sought review in the Superior Court; that court agreed with Appellees' position that delay damages should be based on the actual jury verdict. Thereafter, Appellant obtained review in this Court of the following question:

> Did the Superior Court err (as identified in the dissenting opinion) in holding, in conflict with *Allen v. Mellinger,* [567 Pa. 1, 784 A.2d 762 (Pa.2001),] that plaintiffs may recover delay damages based on the full amount of the jury verdict rather than on the legally recoverable molded verdict, which was reduced to reflect the insurance policy limits that plaintiffs were permitted to receive?

*Marlette v. State Farm Mut. Auto. Ins. Co.,* 612 Pa. 484, 31 A.3d 656 (2011).

Pennsylvania Rule of Civil Procedure 238(a)(1) provides that "damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury." However, nothing in the text of Rule 238 identifies the basis for calculating delay damages. Other parts of the rule identify the period of time for which courts may award delay

damages, and the rate of interest, but nothing in Rule 238, or any other rule, answers the question presented here: In an uninsured motorist coverage action, does a court calculate delay damages on the full jury verdict, or on the verdict as molded to policy limits?

Because Rule 238 does not specify the basis on which to calculate delay damages, the rule is ambiguous. We are therefore faced with what is fundamentally a policy choice, and in making that choice, I am guided by our precedents. In *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981), we entertained a claim that in promulgating Rule 238, we had exceeded our constitutional rulemaking power. Article V of the Pennsylvania Constitution provides us with exclusive power to enact procedural rules, so long as such rules neither "abridge, enlarge, nor modify the substantive rights of any litigant." Pa. Const. art. V, § 10(c). We rejected the constitutional challenge in *Laudenberger,* concluding that although Rule 238 has a collateral effect on substantive rights, it was a proper exercise of our duty and authority to ensure the "prompt, expeditious trial and settlement of cases." *Laudenberger, supra* at 152.

Later, in *Woods v. Department of Transportation,* 531 Pa. 295, 612 A.2d 970 (1992), we considered the application of Rule 238 to suits against Commonwealth parties. In that case, the appellant had sued the Department of Transportation, claiming that a defectively designed roadway had caused him to sustain serious injuries. The case went before a jury, which returned a verdict in favor of the appellant for $1.5 million; however, the trial court molded the verdict to the $250,000 per plaintiff cap on damages imposed by the Sovereign Immunity Act. The appellant then sought delay damages under Rule 238 based on the full $1.5 million jury verdict, but the trial court awarded delay damages based on the $250,000 statutory cap.[1] Before this Court, the appellant argued that he was entitled to delay damages based on the full jury verdict, rather than on the verdict as molded to the Sovereign Immunity Act cap. We agreed and explained that if delay damages were calculat-

1. *See* 42 Pa.C.S. § 8528(b).

ed on the statutory cap, Commonwealth parties would have no incentive to settle major suits, which in turn would cause protracted litigation and appeals.

However, in *Allen, supra,* we reconsidered our holding in *Woods.* We concluded that delay damages could only be calculated on "the amount the Commonwealth party could actually be responsible for paying to the plaintiff." *Allen, supra* at 768. We reasoned that because damages against a Commonwealth party cannot exceed the statutory cap, the plaintiff in a suit against a Commonwealth party has suffered no cognizable "delay" in receiving any amount over the cap. We then explained that because there is no cognizable delay in such a case, "the stated justification for compensating the plaintiff with delay damages [i.e., encouraging settlements] is illusory." *Id.*

No such concerns are at play in the instant case, which involves a contractual relationship between private parties. *Allen*'s actual holding, as well as its analysis, was carefully limited to and based on the involvement of Commonwealth parties, which are in no way implicated here. Commonwealth parties' liabilities in suits subject to the Sovereign Immunity Act are limited to $250,000 as a matter of constitutional and statutory law. The contractual limitation on damages here stands on different footing, however, and damages are not absolutely limited to those that the parties have agreed to in the insurance contract. Rule 238 in effect levies delay damages as a matter of law in order to achieve what this Court, in executing its right and duty to promulgate procedural rules, has determined to be an appropriate rule to manage the dockets of civil courts and to encourage settlements. *See Laudenberger, supra* at 152.

Respectfully, I believe the Majority improperly extends the holding of *Allen* beyond its rationale, which was to limit delay damages in order to afford Commonwealth parties the full protection the General Assembly intended in the Sovereign Immunity Act. In so doing, the Majority erodes the authority of this Court to promulgate procedural rules. Indeed, the Majority's holding calls into question the holding of *Lauden-*

*berger, supra,* that Rule 238 does not improperly expand any substantive right, but, rather, permissibly fosters the procedural goal of encouraging prompt settlements in appropriate cases. If, as we concluded in *Laudenberger,* Rule 238's imposition of delay damages is a proper exercise of our rulemaking authority in the pursuit of fostering settlements, then, consistent with *Allen,* I perceive no reason not to award delay damages based on the jury verdict when calculating delay damages against a private party. It seems to me that the Majority's position effectively concedes as much, since even the Majority Opinion awards delay damages on top of the policy limits. If that much is proper, it confounds me why we should not interpret Rule 238 consistent with its salutary purpose. The jury here awarded $550,000, and I believe that delay damages, pursuant to Rule 238, should have been calculated on that amount. Therefore, I respectfully dissent.