**Baranowske v. J.D. Wood & Sons**

24

C.P. of Chester County, No. 2012-04925-TT

*Thaddeus J. Bartkowski*, for plaintiff.
*James D. Palmer*, for defendants.

TUNNELL, *J.*, October 21, 2013—Plaintiff has filed a motion for delay damages pursuant to Pa. R.C.P. 238 requesting an award of prejudgment interest in the amount of $682.56 for the period from March 14, 2012 (one year after the service of original process upon defendant) to September 26, 2013 (the date of verdict). Plaintiff seeks to have the verdict molded to the aggregate sum of $14,915.24 to include those delay damages. (Plaintiff's Motion for Delay Damages, at ¶7). Defendants oppose plaintiff's motion and argue that plaintiff is not entitled to the requested delay damages because (1) defendants made

a settlement offer in excess of 125% of the final verdict pursuant to Pa. R.C. P. 238(b)(1)(i) prior to any accrual of delay damages and (2) any delay damages must exclude the period of time during which plaintiff delayed the trial pursuant to Pa. R.C.P. 238(b)(1)(ii). This court finds that plaintiff is entitled to delay damages only in the amount of $282.20.

## I. FACTUAL BACKGROUND

Plaintiff initiated this personal injury action in the Philadelphia Court of Common Pleas (the "Philadelphia Action") and served defendants with the complaint on March 14, 2011. Thereafter, defendants filed preliminary objections alleging that venue was improper. On June 30, 2011, the Philadelphia trial court sustained defendants' preliminary objections and ordered the matter to be transferred to Chester County upon payment of costs by plaintiff. *See* order, dated June 30, 2011 (Phila. Ct. Com. Pl. docket no. 2011-04390). On April 29, 2012 plaintiff filed a Praecipe to Transfer the Philadelphia Action and paid the required transfer fee. The case was docketed in Chester County on May 15, 2012. At the outset of the case and up until the trial date, defendants made four settlement offers to plaintiff, which he rejected. The case went to trial on September 24, 2013. On September 26, 2013, a jury rendered a verdict in favor of plaintiff in the amount of $14,232.68. On October 4, 2013, plaintiff filed the present motion. Defendants filed their response in opposition on October 11, 2013.

## II. LEGAL ANALYSIS

A. Delay Damages Are Permitted in Pennsylvania Pursuant to Pa. R.C.P. 238.

A prevailing plaintiff in a personal injury action may recover prejudgment interest from one year after the date that original process was first served up to the date of the jury award. Pa. R.C.P. 238(a)(1)-(2); *see also Kameroski v. Pennsylvania Power & Light Co.*, 2005 WL 4685052 at *5 (Lacka. Co. 2005), *aff'd.*, 905 A.2d 1054 (Pa. Super. 2006). Delay damages are calculated at a rate of interest "equal to the prime rate as listed in the first edition of The Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded." Pa. R.C.P. 238(a)(3). The period of time for which delay damages may be calculated excludes any time period after which the defendant has made a written offer of settlement that otherwise meets the requirements of Rule 238(b). *See* Pa. R.C.P. 238(b)(1)-(3).

Rule 238 is designed to compensate the plaintiff for the delay in receiving money to which he is entitled, and to prevent a defendant from being unjustly enriched by retaining interest earned during the litigation process on what is essentially the plaintiff's money. *Costa v. Lauderdale Beach Hotel*, 626 A.2d 566, 569 (Pa. 1993); *Marlette v. State Farm Mut. Auto. Ins. Co.*, 10 A.3d 347, 351 (Pa. Super. 2010). Rule 238 also is intended to alleviate congestion in the courts by encouraging defendants to settle claims as soon as reasonably possible. *Thompson v. T.G. Whipple Constr. Co.*, 985 A.2d 221, 223-224 (Pa. Super. 2009), *app. denied*, 986 A.2d 152 (Pa. 2009). Defendants may protect themselves from exposure to prejudgment interest by making a timely and reasonable offer of settlement in good faith. *Marlette, supra; Thompson*, 985 A.2d at 224. A defendant who opposes a motion for delay damages bears the burden of proving either that (1) the

requisite written settlement offer has been made or (2) the plaintiff was responsible for specified periods during which the trial was delayed. *Sopko v. Murray*, 947 A.2d 1256, 1258 (Pa. Super. 2008); *Shay v. Flight C Helicopter Servs., Inc.*, 822 A.2d 1, 20-21 (Pa. Super. 2003).

B. The Period for Calculating Plaintiff's Delay Damages Began on March 14, 2012, One Year after the Date Original Process was Served.

Plaintiff initiated this personal injury action in the Philadelphia Court of Common Pleas and served defendants with the complaint on March 14, 2011. After the Philadelphia trial court sustained defendants' preliminary objections, plaintiff, though much delayed, transferred the action to Chester County and it was docketed on or about May 15, 2012. Plaintiff asserts that the period for delay damages began on March 14, 2012, one year after service of the complaint in the Philadelphia Action. Defendants argue that the one year time period does not begin until May 15, 2012, when the action finally was docketed in Chester County.

Although plaintiff's failure to timely transfer the Philadelphia Action impacts his right to delay damages as discussed below, this court finds that the proper starting point for delay damages is one year from the date *original process* was served upon defendants — March 14, 2012. The plain language of Rule 238 states "[d]amages for delay shall be awarded for the period of time from a date one year *after the date original process was first served....*" Pa. R.C.P. 238(a)(2). The transfer of the Philadelphia Action to this court and the docketing thereof is not original process as contemplated by the plain language of the rule.

Therefore, March 14, 2012 marks the period at which delay damages could begin to accrue in this case.

### C. Plaintiffs' Delay in Transferring the Action to Chester County Precludes the Imposition of Delay Damages for that Period of Time.

Defendants submit that months of pretrial delay were attributable solely to plaintiff's improper filing of this matter in Philadelphia County and the subsequent delay in transferring the action and that this time should be excluded from the delay damages calculation. A defendant successfully opposes a motion for delay damages by demonstrating that the plaintiff was responsible for certain periods of time during which the trial was delayed. Pa. R.C.P. 238(b)(1)(ii). Rule 238(b)(1) states that "[t]he period of time for which damages for delay shall be calculated...shall exclude the period of time...(ii) during which the plaintiff caused delay of the trial." *See Tindall v. Friedman*, 970 A.2d 1159, 1178 (Pa. Super. 2009)(holding under Rule 238, the reason for the delay is not pertinent, the sole issue is whether plaintiff caused the delay); *see also Sopko v. Murray*, 947 A.2d 1256, 1260 (noting under Rule 238 not every procedural delay is relevant... only occurrences as actually caused delay of trial). After a review of the procedural history of this case, the court agrees with defendants in part and finds that plaintiff is precluded from recovering delay damages for the period of time he failed to transfer this case to Chester County.

The time this case spent on the docket in Philadelphia County must be divided into two periods in order to properly analyze what delay damages, if any, are appropriate. The first relevant period is the time from when the action was

initiated and original process made (March 14, 2011) to the date of the order sustaining defendants' preliminary objections (June 30, 2011). The court finds that this period is relevant to the calculation of delay damages. Although a court ultimately determined venue to be improper, this court does not find that the issue of venue created the type of delay contemplated by Rule 238(b)(1)(ii). *See Kennedy v. Bentley*, 2010 Pa. D & C DEC. LEXIS 533(2010) (holding improper venue does not prevent imposition of delay damages). During this time, the matter did not remain stagnant and the parties certainly were assessing the merits of their cases, as evidenced by defendants' early settlement offer of March, 2011, which plaintiff rejected. Therefore, the court's conclusion that the proper start date for accrual of delay damages to begin is one year from March 14, 2011 stands.

The time period following the decision on defendants' preliminary objections is a different story. Defendants are protected from the assessment of delay damages "where they can show that the conduct of the plaintiff through the course of litigation has delayed trial." *Schrock v. Albert Einstein Med. Ctr., Daroff Div.*, 589 A.2d 1103 (Pa. 1991). Here, plaintiff's failure to transfer this action to Chester County certainly delayed the trial because it prevented the matter from being assigned to a judge and ultimately a trial schedule. It was the plaintiff's burden alone to transfer the Philadelphia Action and he chose not to act for almost 10 months. Notably, defendants did not sit idly by and are now heard to complain. Rather, defendants filed a motion for non pros on April 23, 2012 and it was only with that threat did plaintiff finally chose to act. Defendants should not be penalized for plaintiff's

decision to sit by and let time run on while they chose not to prosecute their case and thus delayed the trial of this matter. Without the case being docketed and assigned to a judge, a trial could not be held. Therefore, the 46 days after the accrual period began that plaintiff waited to transfer the Philadelphia Action to this court is excluded from delay damages.

D. Defendants' Settlement Offer of October 16, 2012 Precludes the Entry of Delay Damages After That Time Period Pursuant to Pa. R.C.P. 238(b)(1)(i).

Delay damages are recoverable for the period of time "one year after the date original process was first served in the action up to the date of the award," excluding those periods of time after which a defendant made a written offer that complies with the requirements of Pa. R.C.P. 238. *See e.g., Potochnick v. Perry,* 861 A.2d 277, 286 (Pa. Super. 2004). Rule 238 (b)(1)(i) states:

(b)(1) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(i) after the defendant made a written offer which complied with the requirements of subdivision (b)(2), provided that the plaintiff obtained a recovery which did not exceed the amount described in subdivision (b)(3),...

In describing the type of offer that qualifies to toll the imposition of delay damages, Pa. R.C.P. 238 provides:

(2) The written offer of settlement required by subdivision (b)(1)(i) shall contain an express clause continuing the offer in effect for at least ninety days

or until commencement of trial, whichever occurs first, and shall either

(i) be in a specified sum with prompt cash payment, or

(3) The plaintiff's recovery required by subdivision (b)(1)(i), whether by award, verdict or decision, exclusive of damages for delay, shall not be more than 125 percent of either the specified sum or the cost of the structured settlement plus any cash payment to the plaintiff.

The plaintiff received a verdict in his favor in the amount of $14,232.68. On October 16, 2012, defendants made a settlement offer of $12,500, which complied with the requirements of Pa. R.C.P. 238 (b)(2). The offer was (1) written, (2) contained an express clause continuing the offer for at least 90 days or until commencement of trial and (3) was for a specified sum. *See* plaintiff's motion at ¶2, defendants' response, at Ex. B. The verdict was not more than 125% of the October, 2012 settlement offer and thus the limitation on delay damages is appropriate. Pa. R.C.P. 238 (b)(3). After October 16, 2012 the running of delay damages was tolled and any delay damages thereafter are excluded in this case. *See* Pa. R.C.P. 238, Explanatory Comment 2002, Subdivision b.

Therefore, plaintiff's request to mold the verdict to include delay damages will be granted as follows:

| Time Period | Rule 238 Calculation | Amount |
|---|---|---|
| March 14, 2012-April 29, 2012 | Excluded due to plaintiff's delay | $0 |
| April 29, 2012-October 16, 2012 | 170 days x $1.66 ($14,232.68 x 4.25% = $604.89/365 days = $1.66/day) | $282.20 |

32

Based upon the foregoing, the verdict of $14,232.68 will be molded to the sum of $14,514.88 to reflect delay damages totaling $282.20.

An appropriate order follows.

### ORDER

And now, this 21st day of October, 2013, upon consideration of plaintiff's Motion for Delay Damages and to Amend the Verdict Pursuant to Rule 238, and defendants' opposition thereto, it is hereby ordered that the verdict in this matter in the amount of $14,232.68 be molded to the sum of $14,514.88 to reflect delay damages totaling $282.20.