Donedago JONES, Appellant,

v.

Christina D. RIVERA, Appellee.

Superior Court of Pennsylvania.

Submitted Oct. 12, 2004.

Filed Jan. 14, 2005.

Stephen G. Fox, Philadelphia, for appellant.

David L. Rohde, Havertown, for appellee.

\* Retired Justice assigned to Superior Court.

1. We note that Appellant actually filed his notice of appeal from the June 8, 2004, Order denying his post trial motions, an order which is generally interlocutory and not appealable unless reduced to judgment. *Dominick v.*

BEFORE: FORD ELLIOTT, BOWES and MONTEMURO \*, JJ.

OPINION BY MONTEMURO, J.:

■ ¶ 1 This is an appeal from the judgment entered July 19, 2004, in the Philadelphia County Court of Common Pleas, on the court's June 8, 2004 Order denying Appellant's motions for post trial relief.[1] For the reasons set forth below, we reverse and remand for further proceedings.

¶ 2 This appeal arises out of a May 3, 2002, automobile accident during which Appellee backed her automobile into the passenger side of Appellant's vehicle. Due to accident related injuries, Appellant went to the emergency room, was unable to work for three days, and was treated by a physician for five months. His out of pocket expenses for lost wages and medical bills totaled $1,900.

¶ 3 On November 20, 2002, Appellant filed a complaint and the case went to arbitration on July 15, 2003. Appellant was awarded $4,000, and Appellee filed an appeal from that award on August 12, 2003. On September 1, 2003, Pennsylvania Rule of Civil Procedure 1311.1 took effect, providing that a "plaintiff may stipulate to $15,000.00 as the maximum amount of damages recoverable upon the trial of an appeal from the award of arbitrators." Pa.R.C.P. 1311.1(a). If a plaintiff so stipulates, any party may offer documents such as bills, records, and expert reports at trial without authentication, provided that the party offering such evidence complies with notice requirements. Pa. R.C.P. 1311.1(b) (citing Pa.R.C.P. 1305(b)(1)).

*Hanson,* 753 A.2d 824, 825 n. 1 (Pa.Super.2000). However, judgment was subsequently entered on July 19, 2004; thus, we will consider the appeal filed after the entry of judgment. *Id. See also* Pa.R.A.P. 905(a).

¶ 4 Pursuant to Pa.R.C.P. 1311.1(a), Appellant filed a stipulation limiting his potential damage award which the Honorable Norman Ackerman struck by Order dated February 2, 2004. Judge Ackerman found that the rule is not applicable to any appeal filed prior to the rule's effective date, and is therefore not applicable to the present case. A jury trial was held on February 17, 2004, and Appellant failed to provide expert witness testimony or authenticated, certified documents pertaining to his medical treatment. He instead offered documentary evidence of damages. The trial court entered a compulsory nonsuit in favor of Appellee based on Appellant's failure to present authenticated evidence. Appellant then filed motions for post trial relief which were denied by the June 8, 2004, Order. This timely appeal followed.

■ ¶ 5 On appeal Appellant challenges the trial court's denial of his offer of proof pursuant to Pa.R.C.P. 1311.1. Specifically, he asserts that the trial court erred in determining: 1) that Rule 1311.1 does not apply to appeals from arbitration filed before the effective date of the rule; and 2) that the rule of coordinate jurisdiction barred the court from finding that Rule 1311.1 applies in the present case. As these issues are questions of law, we are not constrained by the determination of the trial court; our standard of review is *de novo. Durante v. Pennsylvania State Police*, 570 Pa. 449, 809 A.2d 369, 371 (2002) (citation omitted).

¶ 6 Preliminarily, we note that a rule or an amendment to a rule is effective on the date specified by the Supreme Court. Pa. R.C.P. 52(a). A new rule or an amendment to a rule applies to actions pending on the date the rule or amendment becomes effective, unless the Supreme Court directs otherwise. Pa.R.C.P. 52(c). Here, Rule 1311.1 took effect on September 1,

2003, while the action was pending; Appellee had filed an appeal from the arbitration award, but a trial had not commenced. The trial court found that Rule 1311.1 was not implicated in this case because the rule is not applicable to appeals filed prior to its effective date. However, citing *Manzetti v. Mercy Hospital of Pittsburgh*, 565 Pa. 471, 776 A.2d 938 (2001), Appellant argues that the new rule is in fact applicable to actions pending on the date that it became effective, and therefore must be applied here. We agree.

¶ 7 In *Manzetti, supra*, our Supreme Court considered whether to apply an amended summary judgment rule that took effect while the action was pending; the amended rule became effective after the summary judgment motion was filed, but before the trial court ruled on the motion. *Id.* at 945 n. 1. The Court applied the amended rule, finding that the rules of civil procedure state that an amended rule is applicable to all actions pending on the date that the amendment becomes effective. *Id.* (citing Pa.R.C.P. 52(c)).

¶ 8 Here, the trial court attempted to distinguish *Manzetti* by emphasizing the fact that Rule 1311.1 is a new rule rather than an amended rule, and determined that as a new rule, it is inapplicable. The court explained its reasoning as follows:

Plaintiff's reliance on [*Manzetti*] is misplaced: first, [Pa.R.C.P. 1311.1] is a new rule, with a clearly given effective date. It is not an amended rule. As a new rule, it substantially changes the plaintiff's burden at a de novo trial resulting from an appeal from arbitration, provided the plaintiff stipulates to damages less than $15,000.

(Trial Ct. Op. at 3–4). This interpretation is inconsistent with the plain language of Rule 52(c), which by its terms does not distinguish between new and amended

rules. It states that "a rule or an amendment to a rule" is applicable to actions pending on the effective date. Pa.R.C.P. 52(c). Given the clear, unambiguous language of Rule 52(c), we find that Rule 1311.1 applies here because the action was pending when the rule took effect.

 ¶ 9 Appellant also argues that the coordinate jurisdiction rule did not prevent the trial court from determining that Rule 1311.1 applies in the present case, thereby overruling Judge Ackerman's order striking the Rule 1311.1 stipulation. The coordinate jurisdiction rule provides that "courts of the same jurisdiction cannot overrule each other's decisions in the same case." *Buck Hill Falls Co. v. Clifford Press*, 791 A.2d 392, 396 (Pa.Super.2002), *appeal denied*, 573 Pa. 688, 825 A.2d 637 (2003). This rule promotes judicial economy and efficiency, and "serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation." *Zane v. Friends Hospital*, 575 Pa. 236, 836 A.2d 25, 29 (2003). However, this general prohibition against revisiting a prior holding by a judge of coordinate jurisdiction is not absolute. *Id.* Departure from the rule is permitted in a narrow set of circumstances "where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Ryan v. Berman*, 572 Pa. 156, 813 A.2d 792, 795 (2002) (quoting *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1332 (1995)).

¶ 10 Here, Appellant argues that the coordinate jurisdiction rule did not prevent the trial court from overruling Judge Ackerman's order because that order was clearly erroneous and would create a manifest injustice if followed. In *Zane*, the Supreme Court explained the purpose of the clearly erroneous exception as follows:

To accede to a coordinate judge's order that is clearly erroneous would be not only to permit an inequity to work on the party subject to the order, but would allow an action to proceed in the face of almost certain reversal on appellate review. Moreover, the requirement that the prior holding also create a manifest injustice serves as a significant curb on the exception so that it would apply to only those situations in which adhering to the prior holding would be, in essence, plainly intolerable.

*Zane, supra* at 29–30.

 ¶ 11 In order to determine whether this exception applies, we must first assess whether Judge Ackerman's order was clearly erroneous as Appellant claims. As discussed above, Rule 52(c) is clear and unambiguous; a rule or amended rule must be applied to actions that are pending on the effective date. As Rule 1311.1 took effect when the present action was pending, Judge Ackerman's order finding the rule inapplicable was clearly erroneous.

 ¶ 12 Next, we consider the second criteria necessary for the clearly erroneous exception to apply: whether the prior holding would create a manifest injustice. *See Id.* at 33. Rule 1311.1 provides that if a plaintiff files a stipulation limiting his potential damage award, any party can offer certain unauthenticated documents at trial. This rule is clearly aimed at reducing litigation costs in limited damages cases. Here, Judge Ackerman's order would force Appellant to provide medical testimony at a cost of $2,500 in a case where the original arbitration award was only $4,000, despite his compliance with the stipulation and notice requirements of

Rule 1311.1 (Appellant's Brief at 10). This order would create a manifest injustice, and the second requirement of the clearly erroneous exception to the coordinate jurisdiction rule is therefore satisfied.

¶ 13 Because we find that Rule 1311.1 applies to the present action, and that the coordinate jurisdiction rule did not prevent the trial court from applying it, we remand this case to the trial court to consider Appellant's offer of documentary proof.

¶ 14 Order reversed; case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.