J-A16004-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES SWIFT | |
| Appellant | No. 1446 WDA 2016 |

Appeal from the Judgment of Sentence entered April 28, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0010284-2015

BEFORE:  STABILE, J., FORD ELLIOTT, P.J.E., and STRASSBURGER, J.*

MEMORANDUM BY STABILE, J.:          FILED:  SEPTEMBER 29, 2017

Appellant, James Swift, appeals from the judgment of sentence entered on April 28, 2016 in the Court of Common Pleas of Allegheny County following Appellant's convictions of one count each of harassment and disorderly conduct.[1]  Appellant argues that the trial court violated the law of the case doctrine, that the verdict in his non-jury trial was against the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2709(a)(1) and 5503(a)(1), respectively.  Pursuant to § 2709(a)(1), "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact[.]"  In accordance with § 5503(a)(1), "a person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior[.]"  Both offenses were graded as summary offenses. 18 Pa.C.S.A. §§ 2709(c)(1) and 5503(b), respectively.

weight of the evidence, and that his sentence of probation was illegal because he did not receive time credit for the one night he spent in prison. Following review, we affirm his convictions. However, because we find his sentence was illegal, we amend his sentencing order to reflect that he is entitled to one day's credit for time served, recognizing that our amendment of the sentencing order will not upset his sentencing scheme.

This case arises from an August 8, 2015 altercation between Appellant and his neighbor, Darryl Henderson ("Henderson"), when Henderson took issue with the fact Appellant parked a vehicle in front of another neighbor's driveway. Henderson testified that Appellant came into his front yard, punched him multiple times in the face, causing injuries including hearing loss in his left ear, and then kicked him while on the ground. Notes of Testimony ("N.T."), 4/27/16, at 10-12. Appellant testified that Henderson came into Appellant's yard, stepped on Appellant's foot and chest-bumped him, prompting Appellant to punch him once. Henderson then returned to his yard, lay on the ground, and called an ambulance. N.T., 4/28/16, at 39-41. There were no eyewitnesses to the altercation although Appellant's friend, Patricia Culligan, testified that she observed Henderson on his own front porch before the incident, went into Appellant's home for approximately three minutes to use the bathroom, and then saw Henderson lying in his own yard with his knees pulled up to his chest and using his cell phone when she came out of Appellant's home. N.T., 4/27/16, at 29-30.

Appellant was initially charged with simple assault, disorderly conduct and harassment. The Commonwealth amended the criminal information and proceeded to a bench trial on two charges each of disorderly conduct and harassment, graded as summary offenses.[2] Following the trial that took place on April 27 and 28, 2016, the court found Appellant guilty of one count of each offense and sentenced Appellant to consecutive terms of 90 days' probation and a $300 fine at each count. N.T., 4/28/16, at 56.

Appellant filed a post-sentence motion and, ultimately, the trial court permitted Appellant's trial counsel to withdraw and appointed new counsel who filed a supplemental post-sentence motion. The trial court denied relief on September 8, 2016. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our consideration:

I.    The law-of-the case doctrine bars a court from altering the resolution of a legal question previously decided by another court of coordinate jurisdiction. Did the trial court err and violate the law of the case where it required Appellant's counsel to continue representing Appellant after counsel had been granted leave to withdraw by a court of coordinate jurisdiction?

II.   Testimony from the alleged victim established on the one hand that Appellant inflicted a repetitious assault upon him, and on the other hand that Appellant "slightly" had physical contact with him. Provided these contradictory

_____

[2] Events surrounding various motions and proceedings before the original presiding judge, the Honorable Kevin G. Sasinoski, will be discussed herein in relation to Appellant's first issue on appeal.

accounts, and seeing that there was no corroborating evidence to support a repetitious assault, was the trial court's verdict contrary to the weight of the evidence?

III. Appellant received an aggregate maximum sentence of six months['] s probation for convictions of two summary offenses. He did not receive time credit for a day he was incarcerated. Accordingly, was Appellant's sentence illegal?

Appellant's Brief at 3.

In his first issue, Appellant argues that the trial court erred and violated the law of the case by requiring Appellant's trial counsel to represent him at trial despite the fact counsel was granted leave to withdraw by a court of coordinate jurisdiction. As this issue presents a pure question of law, our standard of review is de novo and our scope of review is plenary. Jones v. Rivera, 866 A.2d 1148, 1150 (Pa. Super. 2005). To put this issue in context, it is necessary to examine the procedural history of this case.

Our review of the record reveals that Attorney John Munoz of the Allegheny Public Defender's Office represented Appellant at his preliminary hearing. Following the hearing, Appellant filed a motion for appointment of counsel, seeking counsel from outside the Allegheny County Public Defender's Office. He claimed there was a conflict of interest because the district justice, public defender, district attorney and trial judge are all paid by Allegheny County. Motion for Appointment of Counsel, 10/6/15, at 1.

At Appellant's pre-trial conference on October 23, 2015, Assistant Public Defender Kelli J. Kleeb ("Attorney Kleeb") was assigned to represent

Appellant. On December 28, 2015, Attorney Kleeb filed a motion to withdraw, asserting that she and Appellant had reached an impasse on how to proceed with his case and indicating that Appellant had asked her to withdraw. Motion to Withdraw, 12/28/15, at 1-2.[3] In response, the Honorable Kevin G. Sasinoski scheduled a hearing for January 6, 2016. Order, 12/29/15, at 1. Although there is no transcript from the January 6, 2016 hearing, Judge Sasinoski commented at a February 17, 2016 hearing that the withdrawal issue had been discussed and Attorney Kleeb indicated that she and Appellant "can work through this." N.T., Hearing, 2/17/16, at 4.[4] Judge Sasinoski further commented that while Appellant was entitled to a free attorney, he "does not have the right to choose which one." Id.

At the February 17, 2016 hearing, Assistant District Attorney Kara Sidone ("ADA Sidone") moved to amend the criminal information from three charges, two of which were misdemeanor charges, to four summary charges

_____

[3] Attorney Kleeb's motion was filed in accordance with Pa.R.Crim.P. 120(B)(2)(a), which requires that a motion to withdraw must be filed with the clerk of courts with a copy concurrently served on the attorney for the Commonwealth and the defendant. We note that Pa.R.Crim.P. 120(B)(1) provides that "Counsel for a defendant may not withdraw his or her appearance except by leave of court."

[4] On March 31, 2017, by stipulation of the parties to expand the record under Pa.R.A.P. 1926(b)(2), the certified record was supplemented to include the transcript of the February 17, 2016 hearing.

(two each of harassment and disorderly conduct). The defense did not object to the amendments. Id. at 2-3.

The court proceeded to discuss Attorney Kleeb's motion to withdraw and Appellant's motions, including his motion for appointment of counsel from outside the Public Defender's Office and his motion for Judge Sasinoski's recusal. During the course of the hearing, Appellant indicated he did not want Attorney Kleeb to represent him, nor did he want to represent himself. Id. at 6. Judge Sasinoski then informed Attorney Kleeb that she was excused. Id. at 7. However, when Judge Sasinoski questioned Appellant about his waiver of counsel, Appellant testified that he was not waiving his right to counsel and asked the court to appoint him "conflict counsel." Id. at 7-8. Judge Sasinoski declined, citing the lack of conflict. Id. at 8. He then called Attorney Kleeb back up and a discussion ensued between Appellant and Judge Sasinoski about Appellant's contention that Attorney Kleeb was withholding evidence from Appellant. Id. at 9-11. At the conclusion of that discussion, Appellant stated that he hoped Judge Sasinoski would remove Attorney Kleeb. Judge Sasinoski replied, "No, I'm not." Id. at 11. Judge Sasinoski then informed Appellant of his options: have Attorney Kleeb represent him, represent himself, or hire his own attorney. Id.

The court then discussed Appellant's motions, including his motion for recusal of Judge Sasinoski. At the conclusion of the discussion, Judge

Sasinoski announced, "Well, none of these motions have been ruled on and you have summarily dismissed your lawyer, so I really don't see a need to rule on the motion to withdraw that was originally filed by Ms. Kleeb, and you have been terminated." Id. at 15. As the hearing proceeded, Appellant again asked for counsel to be appointed and reiterated that he had not waived his right to counsel. Id. at 16, 23. The Commonwealth expressed concern that the trial court had not conducted an appropriate waiver colloquy. Id. at 22. Judge Sasinoski responded that Appellant had "waived counsel, he fired counsel[.] The issue is whether he gets conflict counsel. I see no reason for conflict counsel to be appointed. He has an option of representing himself. These are summary matters, and Ms. Kleeb was appointed as a public defender. He . . . doesn't want her." Id. at 22-23. After further discussion, Judge Sasinoski informed Appellant again that he would not appoint "conflict counsel" for him. Judge Sasinoski then announced that he was revisiting Appellant's recusal request; that he would be recusing himself from the case; and that the case would go back to the district magistrate judge. Id. at 24-25.

The certified record includes the February 17, 2016 order amending the criminal information and reflecting Judge Sasinoski's recusal. The order appears on the original criminal information on page 26 of the certified record docketed in this appeal. Notations on that document also include the designation of "Judge Williams" as the trial judge and, in what appears to be

the same handwriting as the order, an indication that "Kara Sidone" is the ADA and "K. Kleeb" represents Appellant. The record does not reflect any order regarding Attorney Kleeb's withdrawal or dismissal.

For reasons not apparent from the record, the case did not return to the magistrate district judge but rather was assigned to Judge Joseph K. Williams, III. ADA Sidone, Attorney Kleeb and Appellant appeared before Judge Williams for a non-jury trial beginning on April 27, 2016. Attorney Kleeb explained that Judge Sasinoski indicated at the February hearing that Attorney Kleeb would be permitted to withdraw. However, Attorney Kleeb acknowledged there was no order entered to that effect. N.T., Hearing, 4/27/16, at 4. ADA Sidone corroborated Attorney Kleeb's recollection of events from the February hearing and her belief that Judge Sasinoski did not sign an order authorizing withdrawal of representation. Id. at 5. ADA Sidone further explained Judge Sasinoski did grant the request to amend the criminal information to reflect the summary offense charges.

Judge Williams asked if the officers were present at the hearing. ADA Sidone responded that they were present as was the victim. The judge then announced, "We're doing this today. You're not excused. Let's go. Do whatever you need to do. We're getting this over with." Id. Attorney Kleeb responded, "Can I ask if you would ask my client if he would have me represent him or represent himself." Id. at 6. The judge answered that if Appellant did not have his own attorney, Attorney Kleeb would be

representing him, unless Appellant did not want her to. Appellant informed the court that he would rather have Attorney Kleeb's representation than represent himself. Id. The trial proceeded and, as noted above, the trial judge found Appellant guilty of one count each of harassment and disorderly conduct and sentenced him to probation and fines.

Appellant argues that Judge Williams violated the coordinate jurisdiction rule by overruling Judge Sasinoski's oral order excusing Attorney Kleeb from representing Appellant. Appellant concedes that the order was not written but argues that the trial judge was bound by the oral order in light of counsels' representations to the trial court that Judge Sasinoski orally granted Attorney Kleeb's request to withdraw.

In his Rule 1925(a) opinion, Judge Williams explained:

The [c]ourt was assigned this matter after a colleague recused himself. The parties both claimed that my colleague granted the request of defense counsel to withdraw. The record does not support counsel's recollection. The long held custom in Allegheny County is for the Information to reflect certain activities. On the cover page of this two page document, in the lower right corner, is a notation that on February 17, 2016, the [c]ourt (Judge Sasinoski) recused himself. It also shows that the Information was amended to the 4 summary offenses. The non-jury trial was then held on April 28th. This is reflected on the back side of page one. Mysterious by its absence is any reference to counsel being allowed to withdraw. But, this is not the only place such withdraw orders could be found. The search for a separate order reflecting that supposed fact cannot be found in the court file. In addition, the on-line docket history shows no entry of an order authorizing counsel to withdraw. When the parties appeared before this [c]ourt for the non-jury trial on April 28th, the issue was brought up again. The [c]ourt denied the request to withdraw. Transcript, pg. 4.

This background makes for an easy disposition of [Appellant's law of the case] claim. According to him, the supposed order granting withdraw was the "law of the case" and thus, it was error for this [c]ourt not to honor that order. Since there was no order, there was no "law of the case" that his [c]ourt would have then felt obliged to follow.

Trial Court Rule 1925(a) Opinion, 12/5/16, at 3 (italics in original).

We agree. While Judge Sasinoski initially indicated that Attorney Kleeb was excused, he later stated that he was not removing her. N.T., 2/17/16, at 7, 11. Judge Sasinoski ultimately announced that because Appellant "summarily dismissed" Attorney Kleeb, he "really [did not] see a need to rule on the motion to withdraw that was originally filed by Ms. Kleeb." Id. at 15. Clearly, as Judge Williams concluded, Judge Sasinoski did not issue an order, oral or written, granting Attorney Kleeb's motion to withdraw. In absence of an order, Appellant cannot prevail on his law of the case claim that Judge Williams violated the coordinate jurisdiction rule. Appellant's first issue fails for lack of merit.

In his second issue, Appellant argues that the trial court's verdict was contrary to the weight of evidence.[5] As our Supreme Court reiterated in Commonwealth v. Clay, 64 A.3d 1049 (Pa. 2013):

_____

[5] Appellant properly preserved this claim by raising it in his post-sentence and supplemental post-sentence motions. See Commonwealth v. Lofton, 57 A.3d 1270, 1273 (Pa. Super. 2012) ("A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing.") See also Pa.R.Crim.P. 607(A).

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. [Commonwealth v. Brown, 648 A.2d 1177, 1189 (Pa. 1994)]. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. Commonwealth v. Farquharson, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Id. at 1055 (quoting Commonwealth v. Widmer, 744 A.2d 745, 753 (Pa. 2000) (emphasis in original).

> [O]ur scope of review on a weight of the evidence claim is very limited. We will respect the trial court's findings with regard to credibility and weight of the evidence unless it can be shown that the lower court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence.

Hollock v. Erie Insurance Exchange, 842 A.2d 409, 417 (Pa. Super. 2004) (quoting Gemini Equipment Co. v. Pennsy Supply, Inc., 595 A.2d 1211, 1215 (Pa. Super. 1991) (alteration in original)).

As the trial court properly recognized, the weight claim "recognizes that there was sufficient evidence to convict for both charges." Trial Court Rule 1925(a) Opinion, 12/5/16, at 2. See, e.g., Widmer, 744 A.2d at 751 (citation omitted). Appellant's argument is based on Henderson's testimony that Appellant "inflicted a repetitious assault upon him, and on the other hand that Appellant 'slightly' had physical contact with him." Appellant's Brief at 3. Appellant suggests that Henderson's comments constituted

- 11 -

contradictory accounts and that there was no evidence to corroborate Henderson's characterization of the altercation as a "repetitious assault." Id.

Following our review of the trial transcript, we conclude that the trial court was within its discretion to determine that the Commonwealth established Appellant's guilt of harassment and disorderly conduct beyond a reasonable doubt.[6] As the trial court observed,

> [Appellant] seizes upon a response from [] Henderson and attempts to make it appear as if there were conflicting accounts. Assuming that there were, the trial court resolved that conflict and not in [Appellant's] favor. Nevertheless, the [c]ourt did not see Henderson's use of the word "slightly" as being contradictory. The [c]ourt saw the answer as not being responsive to the question and an example of lawyers asking questions in "lawyer speak" and not in language that the witness understands.

Trial Court Rule 1925(a) Opinion, 12/5/16, at 2.

The trial court's determination was not manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence. Finding no abuse of discretion on the part of the trial court, we reject Appellant's weight of the evidence claim for lack of merit.

In his third claim, Appellant contends the trial court imposed an illegal sentence because the court did not give Appellant time credit for a day Appellant was incarcerated. "A challenge to the trial court's failure to award

_____

[6] See n. 1.

credit for time served prior to sentencing involves the legality of a sentence." Commonwealth v. Johnson, 967 A.2d 1001, 1003 (Pa. Super. 2009).[7]

In Johnson, this Court recognized that 42 Pa.C.S.A. § 9760(1) entitles an individual to credit for time served. "This section mandates that 'all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based' must be credited to a defendant." Id. at 1005. As in the case before us, Johnson was originally sentenced to probation. Upon revocation of his probation, he was sentenced to a term of imprisonment. This Court concluded that, upon resentencing, Johnson was entitled to credit for time served.

---

[7] In his statement of errors complained of on appeal, Appellant raised a three-pronged ineffectiveness of counsel claim, including a claim of ineffectiveness for failing to object to imposition of consecutive 90-day probationary terms without an award of time credit for the one night Appellant spent in jail. Appellant's 1925(b) statement at 3. However, on appeal, recognizing that legality of sentence is not waivable, Appellant abandoned his ineffectiveness claims and pursued this legality of sentence issue. Appellant's Brief at 27. While a claim not raised in a 1925(b) statement ordinarily would be considered waived, a challenge to the legality of sentence is never waived and this Court may consider it sua sponte. See, e.g., Commonwealth v. Rossetti, 863 A.2d 1185, 1193 (Pa. Super. 2004). Therefore, we shall consider the merits of Appellant's legality of sentence claim.

We agree with Appellant that he is entitled to credit for time served. Therefore, we shall correct his sentence to reflect that he is entitled to credit for the one day that he spent in prison. As this Court has recognized:

> Where we determine that a sentence must be corrected, this court has the option of amending the sentence directly or remanding it to the trial court for resentencing. Commonwealth v. Vazquez, 328 Pa. Super. 86, 476 A.2d 466 (1984). If a correction by this court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand.

Commonwealth v. Dobbs, 682 A.2d 388, 392 (Pa. Super. 1996) (rev'd on other grounds). Because correcting Appellant's sentence to reflect that he is entitled to one day's credit for time served will not upset the sentencing scheme, we shall amend his sentence directly rather than remand to the trial court for resentencing.[8] Therefore, Appellant's April 28, 2016 Order of Sentence is hereby amended to reflect that Appellant is entitled to credit for one day of time served. In all other respects, Appellant's judgment of sentence is affirmed. The trial court's April 28, 2016 Order of Sentence is amended to include the following statement: "Appellant is entitled to one day of credit for time served."

Judgment of sentence affirmed.

---

[8] Although considered in the context of the ineffective assistance of counsel claims raised in Appellant's 1925(b) statement, the trial court acknowledged that "[t]he collective read of the papers before the case made it to the Court of Common Pleas is that [Appellant] spent an overnight in the county jail and would be entitled to 1 day credit." Trial Court Rule 1925(a) Opinion, 12/5/16, at 4, n. 2.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/29/2017